■ In the Matter of JESUS CASTANO et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. — Appeal by petitioners from an order of the Supreme Court, Queens County (Leviss, J.), dated May 6, 1980, which denied their application pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim against respondent for alleged medical malpractice. Order reversed, on the law and as a matter of discretion, without costs or disbursements, and application granted. On August 25, 1979 appellant Jesus Castano cut his wrist while working at his job in a restaurant. He was treated at City Hospital in Elmhurst, where the external wound was sutured. He was told to return on September 3, 1979 for removal of the stitches. On that date he complained of extreme pain and inability to move his fingers fully. The pain persisted so he sought aid from a New Jersey hospital on October 22, 1979. That hospital referred him to a surgeon who operated on November 29, 1979. After the operation, his surgeon told him that the operation was required because internal muscles and ligaments which were severed in the accident had not been sutured before the external wound was closed. Appellants consulted counsel and sought, by notice of motion dated December 20, 1979, permission to serve a notice of claim, *nunc pro tunc.* This was admittedly 108 days after treatment was concluded by the respondent's hospital, but it was far less than 90 days after Mr. Castano's surgery or the examination by the New Jersey hospital which referred him to his surgeon. Appellants argue that respondent had actual knowledge of the treatment at Elmhurst Hospital and of the complaints of pain and immobility and that Mr. Castano in fact did not know that there was alleged malpractice until so advised by his surgeon after the

operation had been performed. Respondent rejects these arguments, asserting that permitting the claim would be prejudicial. The 1976 amendment to section 50-e of the General Municipal Law (L 1976, ch 745, § 2) was intended to mitigate the harshness of a strict and short 90-day notice period, making the new standards "far more elastic" than under the former statute *(Matter of Beary v City of Rye,* 44 NY2d 398, 407). Even so, the decision whether to permit service of a notice of claim at any point after the 90-day period may have expired is a discretionary one *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 259). Upon reviewing the record as a whole, we conclude that discretion should have been exercised to grant the application. Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.