## (February 14, 1983)

■ VICTOR M. ANSALDO et al., Appellants, v CITY OF NEW YORK et al., Respondents. — Appeals by plaintiffs (1) from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated June 2, 1981, as denied their application, *inter alia,* to serve a late notice of claim and (2) as limited by their brief, from so much of a further order of the same court, dated December 4, 1981, as, upon granting reargument, adhered to the original determination and granted defendants' motion to dismiss the complaint. Appeal from the order dated June 2, 1981, dismissed as academic, without costs or disbursements. Said order was superseded by the order granting reargument. Order dated December 4, 1981 reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and upon reargument, order dated June 2, 1981 vacated insofar as appealed from, application granted, and motion to dismiss the complaint denied. On or about December 12, 1979 plaintiff Victor Ansaldo was treated at Queens General Hospital for an injury to his right knee and was advised to return to work. Surgery on the knee was performed by a private physician a few days later. On October 15, 1980 a notice of claim was served upon defendants. The plaintiffs subsequently moved for leave to serve a late notice of claim or to have the notice of claim served on October 15, 1980 deemed timely served. Special Term denied the application. The application, *inter alia,* to serve a late notice of claim was timely since it was made prior to the expiration of the Statute of Limitations (see *Pierson v City of New York,* 56 NY2d 950). Plaintiffs contend that Special Term improperly exercised its discretion in disapproving the late serving of the notice of claim in this case since the defendants had actual notice of the treatment and Mr. Ansaldo was unaware of any negligence of the hospital until he was informed by his physician of that possibility a considerable time after the treatment. We agree that defendants received actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (see *Matter of Alessi v County of Nassau,* 85 AD2d 725; *Matter of Wade v City of New York,* 65 AD2d 534). In addition, the preparation of the defense of this claim was not prejudiced since the defendants had access to hospital records pertaining to Mr. Ansaldo's treatment (see *Matter of Alessi v County of Nassau, supra*). Unlike traditional negligence actions, the circumstances underlying a medical malpractice case do not always immediately alert the patient to the right to institute suit, and the patient may not even know that he is a victim of malpractice until a considerable time after the malpractice (*Matter of Castano v New York City Health & Hosps. Corp.,* 83 AD2d 836; *Dickey v County of Nassau,* 65 AD2d 780; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). Therefore, under all the circumstances, we conclude that the application should be granted. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.