opinion of the court
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Mildred Zarrello suffered injury when, on December 21, 1979, she fell on a public sidewalk located outside Long Island City Hospital in Brooklyn, New York. No notice of claim was served on the City of New York within the 90-day period prescribed by section 50-e of the General Municipal Law. On March 17, 1981, plaintiffs filed an application pursuant to subdivision 5 of said section for leave to file a late notice of claim. Supreme Court granted the application and, on reargument, adhered to its decision. The Appellate Division reversed in an exercise of discretion, holding that the delay had substantially prejudiced the city in maintaining its defense on the merits of the action.
 

 It cannot be said, as a matter of law, that the Appellate Division abused its discretion in denying plaintiffs’ application for leave to file a late notice. The city received no notice of the accident, which was not reported to the police, until one year and 87 days after its occurrence. The complaint alleges that the city’s liability is predicated on the defective state of the sidewalk and the accumulation of ice and snow which combined at the time of the accident to create a dangerous condition. Inasmuch as the city had no occasion to investigate the scene of the accident until nearly one year after the time period for serving a notice of claim had run, there was an ample basis for the Appellate Division to have concluded that the city’s defense of the action had been substantially compromised by the delay (cf.
 
 Mills v County of Monroe,
 
 59 NY2d 307, 310-311).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 
 *631
 
 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.