■ GERALD M. KAVANAUGH et al., Respondents, v MEMORIAL HOSPITAL AND NURSING HOME OF GREENE COUNTY, Appellant, et al., Defendant.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Connor, J.), entered January 2, 1986 in Richmond County, which granted plaintiff's cross motion for leave to serve a late notice of claim.

In September 1984, plaintiff Gerald M. Kavanaugh was brought by ambulance to defendant Memorial Hospital and Nursing Home of Greene County (Memorial) emergency room after falling and hitting his head. He complained of extreme pain and numbness in his extremeties. The following day defendant Dr. Martin Kosich examined Kavanaugh and diagnosed his condition as "hysterical paralysis lower extremeties". However, Memorial subsequently determined that a definitive diagnosis of Kavanaugh's condition could not be made and he was transferred to Albany Medical Center Hospital. Albany Medical Center performed a myelogram and deter-

mined that surgery was required to relieve pressure on Kavanaugh's spinal column. Kavanaugh remained institutionalized for treatment and therapy through April 1985 and suffered, at least temporarily, quadriplegia.

On January 2, 1985, plaintiffs retained counsel and shortly thereafter commenced the instant medical malpractice action in Richmond County naming Memorial and Kosich as defendants and alleging that the treatment Kavanaugh received at Memorial intensified his injuries. In its answer, Memorial asserted as an affirmative defense that plaintiffs had failed to file a notice of claim in accordance with General Municipal Law § 50-e. Memorial then moved to change venue to Greene County. Plaintiffs did not oppose the motion, but cross-moved on August 26, 1986 for leave to file a late notice of claim. Special Term excused plaintiffs' delay and granted the leave requested. This appeal by Memorial ensued. We now affirm.

General Municipal Law § 50-e (1) (a) mandates that a notice of claim, required as a condition precedent to the commencement of an action against a public corporation, be served within 90 days from the accrual of the claim. However, General Municipal Law § 50-e also provides that under certain enumerated circumstances the court may, in its discretion, grant leave to file a late notice of claim (General Municipal Law § 50-e [5]). The court must consider "in particular" whether the public corporation had actual knowledge of the essential facts constituting the claim (General Municipal Law § 50-e [5]). Other relevant factors include whether any prejudice will result from the delay, whether the plaintiff was incapacitated during the 90-day period, and whether a reasonable excuse was established for the delay (General Municipal Law § 50-e [5]; *Matter of Gerzel v City of New York,* 117 AD2d 549, 550).

Here, Memorial had actual notice of the facts constituting plaintiffs' claim by virtue of its possession of the medical records pertaining to the care received by Kavanaugh at Memorial. That Memorial did not have actual knowledge of the procedures performed at Albany Medical Center was not fatal to plaintiffs' motion. The operative facts of the treatment rendered by Memorial form the basis of its alleged negligence and would be contained in its own record *(see, Rechenberger v Nassau County Med. Center,* 112 AD2d 150, 152; *see also, Hamm v Memorial Hosp.,* 99 AD2d 638). Memorial has not shown any prejudice to itself as a result of the delay, and given Memorial's actual notice, it is unlikely that any prejudice could be established *(see, Matter of Beary v City of Rye,* 44

NY2d 398, 412-413; *Rechenberger v Nassau County Med. Center, supra).* Counsel's failure to file a notice of claim for eight months thereafter, although possibly constituting law office failure, did not preclude Special Term from granting the relief requested *(see, Whitehead v Centerville Fire Dist.,* 90 AD2d 655, 656; *see also, Rechenberger v Nassau County Med. Center, supra).*

Order affirmed, with costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.