■ In the Matter of STEPHANIE M. QUIROZ, an Infant, by Her Mother and Natural Guardian, NELDYS QUIROZ, et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about June 22, 1988, denying claimants' application for leave to file a late notice of claim, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion granted.

At issue is an infant's application to file a late notice of claim to recover for personal injuries, as well as on her mother's derivative claim based on the alleged medical malpractice of Metropolitan Hospital Center and its staff members with respect to the prenatal, delivery and postdelivery care rendered to the claimants. The infant was born 2½ months prematurely at Metropolitan on August 22, 1984. After delivery she was placed in an incubator and given oxygen. Claimants contend that an excess amount of oxygen was administered at Metropolitan Hospital, causing complications, as a result of which the infant now suffers from cerebral palsy, blindness and brain damage. On the day after her birth, the infant was transferred to another hospital because Metropolitan lacked the equipment necessary to treat her. She remained hospitalized for approximately six months following her birth.

The infant's mother did not consult counsel until March 1988, allegedly because she had relied on the representations of staff personnel at both Metropolitan and the transferee hospital that the infant's injuries were unavoidable, and that

she would improve in time. By notice of motion dated May 19, 1988, claimants moved pursuant to General Municipal Law § 50-e seeking late notice relief against both the City of New York and New York City Health & Hospitals Corp. The motion was denied. We reverse.

The 1976 amendments to General Municipal Law § 50-e (L 1976, ch 745, § 2, eff Sept. 1, 1976) were intended to achieve "a more equitable balance * * * between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation." *(Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142-143.) The amendments were intended to afford courts greater flexibility in the disposition of late notice claims in order that substantial justice might be affected. (21st Ann Report of NY Jud Conf, at 282, 287-288.) It should be noted that "where the time for commencing an action on the claim is tolled [for infancy], there will be a concomitant tolling of the time during which late notice of claim may be served". *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 263.)

In this particular case, Metropolitan Hospital, by virtue of the medical records in its possession, has actual knowledge of the facts constituting the claim of malpractice. It was the hospital, through its employees and staff, which provided the prenatal care, delivered the infant claimant, and actually administered the allegedly excessive doses of oxygen. It also knew of the infant's severely complicated condition as evidenced by its transfer of her to the care of a different hospital facility. Its records and those of the transferee hospital, which as is oft-times not the case in the ordinary claim of negligence, provide an extensive "paper trail" and preserve all of the essential facts relating to this claim. *(See, e.g., Kavanaugh v Memorial Hosp. & Nursing Home,* 126 AD2d 930, 931; *see also, Matter of Newson v City of New York,* 87 AD2d 630; *Ansaldo v City of New York,* 92 AD2d 557.)

In justification of their late filing, the mother explains that she had been assured that the child "would improve". We would only note that in many instances where there is an unfavorable medical result, it is not always clear that there has been malpractice. *(Supra; Matter of Castano v New York City Health & Hosps. Corp.,* 83 AD2d 836; *Dickey v County of Nassau,* 65 AD2d 780.) Such may well be the case here. Finally, we are unable, on this record, to conclude that the respondents have been substantially prejudiced in defending against this claim by the tardy application. Concur—Sullivan, J. P., Ellerin, Smith and Rubin, JJ.