■ JOSEPH MASTROPOLO et al., Appellants, v NEW YORK CITY, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated October 14, 1988, which denied their motion for leave to renew that branch of their prior motion which was for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e against the New York City Housing Authority, which was denied by order of the same court (Hirsch, J.), dated July 28, 1983.

Ordered that the order is affirmed, with costs.

That branch of the plaintiffs' original motion which was for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e against the New York City Housing Authority (hereinafter NYCHA) was made in April 1983 one month after commencement of the action and just before expiration of the one year and 90-day period beyond which the Supreme Court would have been without discretion to grant the relief sought (see, General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950). The Supreme Court denied that branch of the motion on the ground that the NYCHA did not have actual notice of the essential facts constituting the claim. The plaintiffs took no appeal from that order, nor did they appeal from an order issued 3½ years later granting the defendant NYCHA's motion for summary judgment to the extent of dismissing the complaint as against it. It was not until August 1988 that the plaintiffs made the present motion for leave to renew, premised primarily on 1982 medical records demonstrating the extent of the injuries the plaintiff Joseph Mastropolo sustained.

The plaintiffs, who do not adequately explain their failure to come forth with the records on which they now rely when they first made application for leave to file a late notice of claim (see, *Foley v Roche,* 68 AD2d 558, 568), have, in any event, failed to demonstrate that newly discovered proof exists demonstrating that the defendant NYCHA had actual knowledge of the essential facts constituting the claim or that it otherwise would not be prejudiced in defending against their belated claim (cf., *Zarrello v City of New York,* 61 NY2d 628). Thus, leave to renew was properly denied. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.