■ In the Matter of SEYMOUR CHARLES et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Respondent.— In a proceeding for leave to serve a late notice of claim, the petitioners appeal from a judgment of the Supreme Court, Kings County (Bellard, J.), dated June 12, 1989, which, in effect, denied their application.

Ordered that the judgment is reversed, as a matter of discretion, with costs, the application is granted, and the proposed notice of claim is deemed served.

The petitioner Seymour Charles was seriously injured when he was struck by an automobile on September 19, 1987. He was confined to the Kings County Hospital Center from Sep-

tember 19, 1987 through March 13, 1988, where he underwent numerous surgeries, including a right below-the-knee amputation. Upon his discharge from the Kings County Hospital Center, he was admitted to the Kingsbrook Jewish Medical Center, where he underwent further surgery to reconstruct his trachea. Thereafter he was confined to the David Minkin Rehabilitation Institute for rehabilitation through November 5, 1988. The Director of that Institute, Dr. Asa Ruskin, has submitted an affidavit attesting to the claimant's physical incapacitation from September 19, 1987 until November 5, 1988.

Mr. Charles retained an attorney on December 29, 1988. The attorney sent for and received the claimant's hospital records, and on or around February 17, 1989, he moved for leave to serve a late notice of claim upon the New York City Health and Hospitals Corp. (hereinafter the HHC) to recover damages for malpractice allegedly committed upon him during his six-month stay at the Kings County Hospital Center. The court denied the application for failure to submit a medical affidavit of merits setting forth the precise nature of the malpractice committed by Kings County Hospital Center, and how that malpractice had caused or contributed to the injuries sustained in the automobile accident.

In deciding whether leave to serve a late notice of claim should be granted, the key factors to be considered are whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, General Municipal Law § 50-e [5]; Matter of Perry v City of New York, 133 AD2d 692, 693).

In the case at bar, the petitioner Seymour Charles has established by means of medical records and an affidavit from Dr. Asa Ruskin that he was physically incapacitated from the date of his accident on September 19, 1987, until November 5, 1988, when he was discharged from the David Minkin Rehabilitation Institute. As has often been held, the prolonged hospitalization of a claimant, and the filing of a notice of claim within a reasonable time after the incapacity has terminated, constitute circumstances justifying the granting of an application for leave to serve a late notice of claim (see, e.g., Heiman v City of New York, 85 AD2d 25).

In addition, as the HHC acknowledges, both this and other

courts have held that hospital records provide actual notice to the city of a medical malpractice claim *(see, e.g., Kavanaugh v Memorial Hosp. & Nursing Home,* 126 AD2d 930; *Rechenberger v Nassau County Med. Center,* 112 AD2d 150, 152-153; *Matter of Newson v City of New York,* 87 AD2d 630). While the HHC complains that its possession of the hospital records did not give it notice of the precise nature of the malpractice claimed in time to perform a prompt and thorough investigation, neither General Municipal Law § 50-e (5) nor case law requires a claimant to establish the merits of his cause of action at so preliminary a stage as upon service of a notice of claim *(see, Jenkins v County of Westchester,* 133 AD2d 808, 809).

The HHC has not shown any prejudice to itself as a result of the petitioner Seymour Charles's rather brief and well-explained delay, and, "given [Kings County Hospital Center's] actual notice, it is unlikely that any prejudice could be established" *(Kavanaugh v Memorial Hosp. & Nursing Home, supra,* at 931). Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.