■ WILLIAM PERKINS, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered August 30, 1989, which, upon renewal, denied plaintiff's motion for leave to file a late notice of claim nunc pro tunc, unanimously affirmed, without costs.

Plaintiff sustained a laceration on his left hand when he was assaulted on April 2, 1988 and sought medical treatment at the emergency room of Bronx Municipal Hospital Center. After his wound was sutured, plaintiff returned to the hospital on April 4th, 7th, 11th and 14th for treatment as an outpatient. Since plaintiff was still experiencing pain in his hand, he sought further treatment at the Brooklyn HIP Center and then, in November of 1988, from a hand specialist who recommended surgery. Plaintiff contends that he would not have needed the surgery which was performed on November 29, 1988 but for Bronx Municipal Hospital Center's failure to adequately diagnose and treat his injury.

On May 1, 1989, plaintiff moved to file a late notice of claim nunc pro tunc. In denying his motion with leave to renew, the Supreme Court found that plaintiff had failed to submit an affidavit of a party with actual knowledge of the circumstances in support of his motion or an affidavit by an expert as to why the condition was not discovered in time to file a notice of claim within the period allowed by statute. Plaintiff's motion to renew his application was also denied on the basis of his failure to explain his lateness in filing the notice of claim.

Plaintiff was afforded two opportunities to present a satisfactory explanation for the more than one-year delay in filing a notice of claim. Since he has yet to explain his lateness, the Supreme Court properly exercised its discretion in denying his application (General Municipal Law § 50-e; *Bullard v City of New York,* 118 AD2d 447 [Kassal, J., concurring]; *Rodriguez v City of New York,* 86 AD2d 533, *appeal dismissed* 58 NY2d 899). In this case, defendant's possession of the hospital records was insufficient to provide it with actual notice of the

essential facts constituting the claim *(Matter of Andersen v Nassau County Med. Center,* 135 AD2d 530; *cf., Matter of Quiroz v City of New York,* 154 AD2d 315). There is nothing in the record to support the conclusion that defendant has not been prejudiced in its investigation of this case by plaintiff's unexplained delay in seeking to file the claim *(Rodriguez v City of New York, supra).* Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.