■ In the Matter of GLADYS AVILES, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered on or about February 20, 1990, which denied petitioner's application to file a late notice of claim, unanimously affirmed, without costs.

The claimant was treated for a fractured wrist at Lincoln Hospital and released on October 12, 1988. On November 21, 1988, she returned to the hospital complaining that the cast applied by hospital employees had become loose, allegedly as a result of malpractice by the respondent.

Claimant retained counsel as early as January 25, 1989. On that date, she signed a proposed notice of claim, which was, for unexplained reasons, never served. New counsel, who was retained on June 1, 1989, did not move for leave to file a late notice of claim until December, 1989, more than one year after claimant's final treatment at the hospital. The IAS court denied the application, finding that claimant had not presented an acceptable excuse for prior counsel's unexplained delay, together with additional delay by claimant's present counsel.

We agree that the Supreme Court properly exercised its discretion in denying claimant's application for leave to serve a late notice of claim. Our recent decision in *Perkins v New York City Health & Hosps. Corp.* (167 AD2d 150) is dispositive of the issues now presented. In *Perkins,* which was similarly a malpractice case, we adhered to the proposition that a satisfactory explanation for the delay, which the claimant here has not presented, continues to be a significant factor to be considered, along with the other relevant circumstances, in weighing the merits of an application to serve a late notice of claim *(see,* General Municipal Law § 50-e [5]). Moreover, we also held in *Matter of Mandia v County of Westchester* (162 AD2d 217) that where the plaintiff had fallen out of his hospital bed and broken his hip, the mere possession of the hospital records was insufficient to provide the respondent with actual notice of the essential facts constituting the claim. Similarly, here, we refuse to impute knowledge of the claim to respondent as a result of the existence of hospital records concerning claimant's treatment. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Smith, JJ.