OPINION OF THE COURT
Joseph S. Levine, J.
The central issue in this opinion is the amount of proof *67 necessary to support an application to permit the late filing of a notice of claim. Three motions are before the court. They are consolidated for disposition in this opinion. In the first motion, the petitioners move for an order pursuant to General Municipal Law § 50-e (5) directing the respondents, New York City Health and Hospitals Corporation and Kings County Hospital Center, to accept, as timely, a notice of claim previously served on January 30, 1991. The petitioners also move for an order pursuant to section 50-e (2) and CPLR 3025 permitting them to amend the previously served notice of claim to include, among other things, allegations of negligence against another party. Finally, the petitioners move for an order pursuant to CPLR 3102 (c) granting preaction disclosure against the respondents.
The underlying claim sounds in medical malpractice, involving allegations of negligence during the birth of the infant petitioner, Taryn West. The infant allegedly suffered severe and permanent injuries as a result of the claimed malpractice. She was born on March 31, 1986 at Kings County Hospital. The petitioner’s attorney attempted to file a notice of claim on January 30, 1991, shortly after the firm was retained. The filing was rejected and these motions ensued. The respondents argue that the petitioner’s failure to offer a reasonable excuse for the delay in serving the notice of claim and their failure to offer an affidavit of merits are defects which are fatal to this motion.
Section 50-e (5) of the General Municipal Law expressly authorizes a court to extend the time to serve a notice of claim. The statute places only one condition upon such an application — the extension cannot exceed the time limit for the commencement of suit. Once this requirement has been satisfied, the motion is addressed to the discretion of the court. The court exercises its discretion based upon the totality of the circumstances. The statute lists some of the relevant circumstances in order to guide the court’s analysis. The most important factor is the public corporation’s acquisition of actual knowledge of the facts constituting the claim and whether such knowledge was acquired within the initial 90-day period or a reasonable time thereafter. Other factors listed in section 50-e (5) include the claimant’s infancy, mental incapacity, error and prejudice to the public corporation.
All the relevant statutory factors have been met by the petitioners. The motion was brought within the 10-year Statute of Limitations applicable to medical malpractice claims *68 brought on behalf of an infant. (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256.) The respondents acquired knowledge of the facts constituting the claim within the initial 90 days by virtue of the birth itself and the records maintained at Kings County Hospital. (Matter of Quiroz v City of New York, 154 AD2d 315.) Finally, the petitioner is an infant and the pages submitted in opposition to the motion fail even to allege any prejudice that would result from granting the application.
The respondents would have the courts change a General Municipal Law § 50-e (5) application into a fault-finding procedure. Recent case law has required petitioners to excuse their delay in filing the notice of claim. (See, Zarrello v City of New York, 93 AD2d 886, affd 61 NY2d 628.) Another line of cases requires the petitioner to offer an affidavit of merits. (See, Matter of Savelli v City of New York, 104 AD2d 943.) To the extent that these cases, are controlling, they are clearly distinguishable from the facts before the court.
In Zarrello (supra) the court required a reasonable excuse in failing to serve a notice of claim. However, it also found prejudice in the delay and failure on the part of the public corporation to acquire knowledge of the claim. The need to show a reasonable excuse is closely linked to the impact infancy has on the delay. When infancy is involved, the common thread running through these cases is the need to establish a causal relation between the fact of infancy and the failure to file within the statutory time. (See, Matter of Sampson v Cazzari, 142 AD2d 681.) As a rule, the younger the infant the less the need to show an excuse. For a child under 10 years of age, it is presumed that the infancy is linked to the failure to file timely. (Matter of Potter v Board of Educ., 43 AD2d 248.) This factor outweighs the petitioner’s failure to submit an affidavit to explain the delay in serving the notice of claim. It is the age of the infant which governs, not the conduct of the parents. (Matter of Manceri v City of New York, 23 Misc 2d 94.)
Recent cases require a petitioner to submit an affidavit of merits. (See, Bailey v City of New York, 159 AD2d 280.) The rationale is that an action delayed is one whose merits are suspect. (See, Sortino v Fisher, 20 AD2d 25.) Presumably, the claimant waits until the last minute to file a spurious claim in hopes of having unfavorable evidence dissipate. This assumes a claimant will risk losing an application to serve a late notice in the uncertain hope of gaining an advantage. Whatever logic *69 this reasoning may possess for a slip and fall case is totally lost in a medical malpractice case involving an infant, especially when the application also seeks preaction disclosure. To require an affidavit of merits on these facts would turn General Municipal Law § 50-e into a sword to defeat claims rather than a shield to protect the public corporation from stale claims.
In sum, it is unimaginable that it would be an abuse of discretion to grant a motion involving a timely application, actual knowledge of the facts on the part of the public corporation, infancy and the lack of prejudice. Recent case law should not obscure the fact that the purpose of the notice of claim is to discourage stale claims, to enable the public corporation to investigate claims in a timely manner, and to prepare a defense before the passage of time dissipates relevant evidence. (Sandak v Tuxedo Union School Dist. No. 3, 308 NY 226.)
The petitioner’s motion to permit late filing of the notice of claim is granted. The motion to permit an amendment to the notice of claim is also granted. Finally, the motion for preaction disclosure is granted and the respondent is hereby directed to supply a copy of the fetal heart monitor strips within 20 days of service of a copy of this order with notice of entry.