■ In the Matter of JUDY ROUSE, Individually and as Mother and Natural Guardian of KIMBERLY ROUSE, an Infant, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated September 27, 1989, which granted the petition, and deemed served the petitioner's amended notice of claim.

Ordered that the order is affirmed, with costs.

The record reveals that the Supreme Court weighed and considered the relevant factors under General Municipal Law § 50-e (5) in exercising its broad discretion to permit the service of a late notice of claim in this case. We discern no improvident exercise of that discretion herein, as the record establishes that the delay in serving the notice of claim was occasioned by the petitioner Judy Rouse's medically documented incapacity *(see generally, Barnes v County of Onondaga,* 65 NY2d 664), and there is no evidence that the New York City Housing Authority will suffer any substantial prejudice as a result of the service of the late notice *(see, e.g., Williams v New York City Hous. Auth.,* 125 AD2d 258; *cf., Zarrello v City of New York,* 61 NY2d 628; *Matter of Perry v City of New York,* 133 AD2d 692). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.