◼ In the Matter of RITA SLOAN et al., Respondents, v COUNTY OF WESTCHESTER et al., Appellants.—In a proceeding for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Westchester County (Ruskin, J.), entered October 30, 1989, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

Under the circumstances of this case, we conclude that the Supreme Court properly exercised its discretion by permitting the petitioners to serve a late notice of claim. The absence of an acceptable excuse for the delay does not compel denial of the application where, as here, the record establishes that the public corporation received actual knowledge of the facts within 90 days of the alleged malpractice, and there has been no showing that the delay substantially prejudiced the public corporation's ability to defend the merits (General Municipal Law § 50-e [5]; see, Rosenblatt v City of New York, 160 AD2d

927). While the appellants contend that the medical records kept by the appellant hospital are not sufficient to provide notice of the precise nature of the malpractice claimed in order to perform a thorough and prompt investigation, neither General Municipal Law § 50-e (5) nor case law requires a medical affidavit of merit at so preliminary a stage as upon service of a notice of claim (see, Matter of Charles v New York City Health & Hosps. Corp., 166 AD2d 526). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.