■ ROSANGELA ARIAS, an Infant, by Her Mother and Natural Guardian, DILCA ARIAS, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 26, 1990, which, *inter alia,* granted infant plaintiff's application for leave to serve a late notice of claim, is unanimously affirmed, without costs.

On August 20, 1989, the infant plaintiff fell from a piece of playground equipment with missing sections on defendant's property. This fall resulted in a severely fractured elbow. On April 21, 1990, the plaintiff mother sought leave to file a late notice of claim on behalf of the infant as well as herself. The order to show cause included current pictures of the defective playground equipment in the same condition as on the date of the incident. The court granted the motion with respect to the infant but denied it with respect to the mother. We affirm.

Contrary to defendant's arguments on this appeal, the court did not improvidently exercise its discretion under General Municipal Law § 50-e (5) by allowing the late notice of claim on behalf of the infant. The affidavits submitted with the order to show cause demonstrated the mother's limited knowledge of the English language, the fact that she gave birth five days after the subject accident and alone cared for the children at home, thereby providing a valid excuse for the late filing. Moreover, the delay was short and the defendant suffered no prejudice since the claimed defective condition of the equipment was shown to be intact at the time of the notice *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 264-265). Finally, defendant's argument that the delay in filing has to be attributed to the infancy of the plaintiff is rejected as contrary to General Municipal Law § 50-e as amended in 1976 *(see, Matter of Kurz v New York City Health*

& *Hosps. Corp.,* 174 AD2d 671, 672). Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.