(June 23, 1992)

■ In the Matter of REINA BANEGAS-NOBLES, as Administratrix of the Estate of FELISA BANEGAS, Deceased, et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Respondents.—Order of the Supreme Court, New York County (Martin B. Stecher, J.), entered May 8, 1991, which denied petitioners' motion to renew (denominated a motion to renew and reargue) the petition seeking leave to file a late notice of claim pursuant to General Municipal Law § 50-e, reversed, without costs, on the law and the facts and in the exercise of discretion, the motion granted and, upon renewal, the petition granted and the notice deemed filed nunc pro tunc with respect to decedent's claim for conscious pain and suffering. Appeal from the judgment of the same court, entered March 19, 1991 which, *inter alia*, denied leave to serve a late notice with respect to the decedent's claim for conscious pain and suffering and dismissed the petition, dismissed as superceded by the order of May 8, 1991, without costs.

The medical record is not included in the record on appeal. The facts of this case are taken from the affidavit of merit of petitioners' medical expert, submitted in connection with petitioners' motion to renew, which interprets the record received from Harlem Hospital. The affidavit was not submitted with the original application because Harlem Hospital had not yet provided a copy of the medical record to petitioners.

On January 18, 1990 at 2:30 P.M., the decedent, Felisa Banegas, was diagnosed as being in need of an emergency laparotomy to correct an incarcerated/strangulated umbilical hernia. She signed a consent to the surgical procedure at 3:00 P.M. However, decedent was not examined by a member of the surgical team until 6:45 P.M. and was not taken to the operating room until 10:30 that night. The operative report notes a perforation of the transverse colon spilling fecal material into the peritoneal cavity. Mrs. Banegas died within two days from septic peritonitis. A notice of claims for both wrongful death and conscious pain and suffering arising out of alleged malpractice was not filed until December 5, 1990.

With respect to the filing of a notice of claim against a municipality, a distinction is made between cases in which the

party on whose behalf a claim of medical malpractice is advanced is either deceased or incapacitated and those in which he is available to give testimony. Not only is death or incapacity a statutory basis upon which leave to serve a late notice of claim may be granted (General Municipal Law § 50-e [5]; *Matter of Ruiz v New York City Health & Hosps. Corp.,* 165 AD2d 75, 81), but also, in such instances, the hospital record generally constitutes the only evidence of malpractice. Therefore, the knowledge of the claim possessed by the public corporation is at least coextensive with, if not superior to, that of the representative of the injured party and is contemporaneous with the alleged acts of malpractice. Where the propriety of treatment rendered will be determined by an analysis of the medical record, there is little advantage to be gained from the service of a timely notice of claim and, therefore, little prejudice to be sustained by untimely service *(Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150, 152-153).

We note that, because of the death of the decedent, the facts comprising the malpractice alleged to have been committed in this case were entirely within the knowledge of the hospital *(Rechenberger v Nassau County Med. Ctr., supra),* and the contention that the delay in serving a notice of claim was partially attributable to the difficulty of discovering the alleged malpractice is entirely credible *(compare, Perkins v New York City Health & Hosps. Corp.,* 167 AD2d 150; *Bailey v City of New York,* 159 AD2d 280). It is also apparent, from the uncontroverted affidavit of petitioners' medical expert, that the acts alleged to constitute malpractice are discernable from a review of the medical record compiled by Harlem Hospital. In this regard, our decision in *Matter of Mandia v County of Westchester* (162 AD2d 217) is distinguishable from the matter under review. That case involved a claim of ordinary negligence *(see, McKinney v Bellevue Hosp.,* 183 AD2d 563; *Hale v State of New York,* 53 AD2d 1025) in which the patient fell from a hospital bed sustaining a fracture of the hip *(see, Matter of Aviles v New York City Health & Hosps. Corp.,* 172 AD2d 237, 238). We emphasized that the report of the incident prepared by hospital staff was insufficient to provide the defendant with actual knowledge of the facts comprising the claim.

The death or incapacity of the party asserting a claim, in this case a claim for conscious pain and suffering, is a statutory ground upon which leave to file a late notice of claim may be predicated (General Municipal Law § 50-e [5]; *compare, Matter of Ruiz v New York City Health & Hosps. Corp., supra;*

*Matter of Aviles v New York City Health & Hosps. Corp., supra),* if there is no substantial prejudice to the public corporation *(Rechenberger v Nassau County Med. Ctr., supra,* at 153). Where, as here, the facts are discernable entirely from records within the exclusive possession and control of the hospital, its knowledge of the essential facts constituting the claimed malpractice is equal or superior to that of the injured party's representative and was acquired contemporaneously with the injury alleged to have been sustained *(supra; but see, Thompson v New York City Health & Hosps. Corp.,* 172 AD2d 433).

Upon the record in this case, we perceive no prejudice to respondents *(Matter of Quiroz v City of New York,* 154 AD2d 315) and leave should be granted to deem the notice of claim filed nunc pro tunc with respect to decedent's claim for conscious pain and suffering. Concur—Murphy, P. J., Rosenberger and Rubin, JJ.

Sullivan and Wallach, JJ., dissent in a memorandum by Wallach, J., as follows: I would affirm the order appealed from.

General Municipal Law § 50-e (1) (a) requires that tort claims against a public corporation must be noticed within 90 days after the claim arises, except that in a wrongful death action, the 90 days runs from the appointment of the decedent's representative. Petitioner Banegas-Nobles received letters of administration on the goods, chattels and credits of her decedent mother on January 16, 1991.

Because the notice of claim was untimely with respect to that portion alleging conscious pain and suffering, Banegas-Nobles and her widowed father petitioned to file a late notice to that effect, under General Municipal Law § 50-e (5). The petition was denied for failure to provide a reasonable excuse for delay, and for the absence of an affidavit by someone with actual knowledge of the circumstances, petitioners' attorney's affirmation ruled insufficient for that purpose. Thereafter, respondent did offer decedent's medical records, however, in compliance with the order of March 19, 1991.

Petitioners then moved to renew and reargue, this time with an affidavit by Banegas-Nobles, explaining that the reason for the delay in filing a claim was that her time had been totally consumed in caring for her 71-year old father, who is in failing health, and her 36-year old brother, who suffers from cerebral palsy and mental retardation, and requires constant supervision. (These were chores that had previously

been undertaken by decedent. Banegas-Nobles' three other siblings live in New Jersey.)

Banegas-Nobles stated in her affidavit that for the first 10 months she had no reason to believe anything medically untoward had contributed to her mother's death. But then, "On or about November 30, 1990 in discussing my mother's care and treatment with a family friend, who is a registered nurse, we discovered for the first time that there was reason to believe my mother was not adequately cared for. We immediately made an appointment with Fuchsberg law firm." There is absolutely no indication that this family friend was in any way connected with Harlem Hospital, or knew any more facts about the case than Banegas-Nobles herself possessed.

General Municipal Law § 50-e (5) permits delayed filing of notice of claim where it can be shown that the public corporation or its insurance carrier already had actual knowledge of the essential facts, and the delay will not result in substantial prejudice to the public corporation in maintaining its defense on the merits. Of course, in the case of medical malpractice it can always be argued that the hospital records constitute facts already in the hands of the public corporation, thus giving it "actual knowledge". Until 1989 there was a body of case law adhering to that proposition (see, Matter of Quiroz v City of New York, 154 AD2d 315, 316; Kavanaugh v Memorial Hosp. & Nursing Home, 126 AD2d 930, 931; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 152). But since then, this Department has consistently held that the mere possession of hospital records is insufficient to provide the municipal corporation with actual knowledge of facts essential to constitute a claim, so as to justify delayed notice of claim (Thompson v New York City Health & Hosps. Corp., 172 AD2d 433, 434; Matter of Aviles v New York City Health & Hosps. Corp., 172 AD2d 237, 238; Perkins v New York City Health & Hosps. Corp., 167 AD2d 150; Bailey v City of New York, 159 AD2d 280).

A valid excuse for the delay is still required (Perkins v New York City Health & Hosps. Corp., supra). Compare Arias v New York City Hous. Auth. (178 AD2d 188), where late notice was permitted five months after the deadline. There an infant plaintiff was injured when she fell from defective playground equipment. Excuse for the delay was adequately explained by the fact that the child's mother had given birth five days after the accident, and that all of her time thereafter was consumed in caring alone for her children. Moreover, a showing that the

defective equipment was still intact at the time of the motion for leave to file a late notice meant that the municipal corporation had suffered no prejudice by reason of the delay.

In *Thompson v New York City Health & Hosps. Corp. (supra)*, the infant decedent's mother was too bereaved to contact an attorney until nine months after the child's death. She was appointed administratrix two months later, and moved to file a late notice of claim three months after that. As in the case at bar, plaintiff Thompson sought to file claims both for wrongful death and for the child's conscious pain and suffering. We held that even though the claim for wrongful death was timely, the plaintiff's conclusory assertions were insufficient to excuse her delay in filing claims for the child's pain and suffering.

Petitioners have failed to justify their delayed service of a late notice of claim with respect to decedent's alleged conscious pain and suffering. Accordingly, I would affirm the disposition of the IAS court to the extent that it denied, on renewal, petitioners' application.