■ In the Matter of KAREN STRAUSS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [600 NYS2d 32] — Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered April 2, 1992, which denied petitioner's motion for leave to serve a late notice of claim with leave to renew, unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion granted and the notice of claim deemed timely filed, without costs. Appeal from the order of the same court and Justice, entered May 18, 1992, unanimously dismissed as moot.

General Municipal Law § 50-e (5) enumerates certain factors which the court should consider in making a determination on a request for an exemption from the 90 day filing requirement for a notice of claim, of which the key considerations are "whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the [public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the [public corporation] in maintaining its defense on the merits" *(Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526, 527).

In this case, we find that the IAS Court's denial of the petition to serve a late notice was an improvident exercise of its discretion. First, the IAS Court erred by requiring, in addition to the statutory factors, that petitioner offer evidence establishing that she had a meritorious claim against respondent *(see, supra; Matter of Parco v City of New York,* 160 AD2d 581, 583; *Hamm v Memorial Hosp.,* 99 AD2d 638, 639; *Passalacqua v County of Onondaga,* 94 AD2d 949; *see also, Matter of Feliciano v New York City Hous. Auth.,* 188 AD2d 296, 297). Moreover, a review of the appropriate factors reveals that the petition should have been granted. First, the lateness of the notice was due to petitioner's disabling injuries, which prevented her from taking any but the most rudimentary steps to protect her claim, and prevented her from conducting an investigation adequate to identify the proper municipal corporation against which the claim should be asserted *(see, Baldeo v City of New York,* 127 AD2d 809; *Nordman v East Greenbush Cent. School Dist.,* 75 AD2d 958, 959). Furthermore, the record indicates that respondent received timely actual notice

of the essential facts giving rise to its potential liability, as the accident report prepared by the police officer who aided petitioner at the scene noted that he personally informed a Transit Authority officer of the dangerous icy condition of the subway entrance at which petitioner was injured (cf., Evans v New York City Hous. Auth., 176 AD2d 221, appeal dismissed 79 NY2d 886, lv denied 79 NY2d 754). Finally, the transient nature of the defective condition which allegedly caused petitioner's fall, i.e., snow and ice, meant that respondent would have been unable to investigate even had the notice been served within the prescribed 90 days (see, Rosenblatt v City of New York, 160 AD2d 927, 928). Under such circumstances, we find that petitioner's lateness should be excused pursuant to General Municipal Law § 50-e (5). Concur—Milonas, J. P., Rosenberger, Ellerin and Kupferman, JJ.