■ In the Matter of TARYN WEST et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [600 NYS2d 268] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Kings County (Levine, J.), dated May 24, 1991, as granted the petitioners' application for leave to serve a late notice of claim.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which granted that branch of the application which was on behalf of the petitioners Carolyn West and Richard West, individually, and substituting therefor a provision denying that branch of the application; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We find that the court did not improvidently exercise its discretion in granting the infant petitioner Taryn West leave to serve a late notice of claim. The infant allegedly received negligent treatment by hospital personnel during her delivery at Kings County Hospital, causing her to sustain cerebral palsy. Nearly five years after her birth, her parents, the

petitioners Carolyn and Richard West, commenced this proceeding for permission to serve a late notice of claim against the appellants New York City Health and Hospitals Corporation and the hospital pursuant to General Municipal Law § 50-e (5).

Contrary to the appellants' contention, the absence of an affidavit from the petitioners establishing that the delay was a product of the child's infancy is not fatal to their application, as infancy is only one consideration, and the decision to grant or deny an extension under General Municipal Law § 50-e (5) is purely a discretionary one (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671). The appellants had actual knowledge of the essential facts constituting the claim of malpractice within 90 days of the alleged malpractice, as they provided prenatal care to the mother, delivered the infant, and provided treatment in a neurology clinic for over a year after the infant's birth. Moreover, the appellants failed to show that they were prejudiced by the delay (see, Matter of Banegas-Nobles v New York City Health & Hosps. Corp., 184 AD2d 379; Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Charles v New York City Health & Hosps. Corp., 166 AD2d 526; Matter of Quiroz v City of New York, 154 AD2d 315). Under the circumstances of this case, the petitioners were not required to provide a medical affidavit of merit (see, Matter of Sloan v County of Westchester, 175 AD2d 838; Matter of Charles v New York City Health & Hosps. Corp., supra).

As the petitioners concede in their brief, the court erred in granting the parents leave to serve a late notice of claim with respect to their derivative claims, as that branch of the application was made after the expiration of the Statute of Limitations and was therefore untimely with respect to them as a matter of law (see, Matter of Adams v City of New York, 180 AD2d 629; Possenti v Sears Roebuck & Co., 148 AD2d 687; Lewis v New York City Tr. Auth., 100 AD2d 896). We have therefore modified the judgment accordingly. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur. [See, 151 Misc 2d 66.]