■ In the Matter of JOHN F. CARUSO, Respondent, v COUNTY OF WESTCHESTER, Sued Herein as WESTCHESTER COUNTY MEDICAL CENTER, Appellant. [633 NYS2d 75] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Westchester County (Silverman, J.), entered March 18, 1994, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application for leave to file a late notice of claim is denied.

The Supreme Court improvidently exercised its discretion in granting the petitioner's application for leave to file a late notice of claim. While the petitioner's claim sounds in medical malpractice, and he asserts that his physical condition contributed to his delay in seeking leave to file a late notice, his application was supported solely by his own conclusory and self-serving allegations and those of his counsel *(see, Ribeiro v Town of N. Hempstead,* 200 AD2d 730; *Matter of Dominguez v New York City Health & Hosps. Corp.,* 178 AD2d 186; *Carroll v City of New York,* 130 AD2d 702). Further, and contrary to the petitioner's contentions, there is no evidence in the record establishing that the appellant acquired actual notice of the essential facts constituting the petitioner's claim within the prescribed 90-day period or a reasonable time thereafter *(see, Munnerlyn v City of New York,* 203 AD2d 437; *Carroll v City of New York, supra).* The appellant's possession of the petitioner's hospital records is insufficient to provide notice of the facts constituting his claim *(Matter of Fallon v County of Westchester,* 184 AD2d 510, 511; *Matter of Aviles v New York City Health & Hosps. Corp.,* 172 AD2d 237; *Perkins v New York City Health & Hosps. Corp.,* 167 AD2d 150; *Bailey v City of New York,* 159 AD2d 280). Under the circumstances, the petitioner's application should have been denied. Miller, J. P., Thompson, Ritter and Krausman, JJ., concur.