■ In the Matter of JOSE NUNES, Appellant, v CITY OF NEW YORK, Respondent. [650 NYS2d 16] —In a proceeding, *inter alia,* for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated November 23, 1994, which denied his application.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e (5) enumerates certain factors to be considered on a request for an exemption from the 90-day filing requirement for a notice of claim. Of these the key considerations are "whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the [public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the [public corporation] in maintaining its defense on the merits" (*Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526,

527; *Matter of Strauss v New York City Tr. Auth.,* 195 AD2d 322).

The petitioner's allegations of physical and mental impediment offered as an explanation for his failure to file a timely notice of claim are not supported by the medical evidence in the record. To the contrary, it appears that the petitioner was ambulatory, had a full range of vision and was "neurologically and hemodynamically stable" upon his discharge from the hospital, less than one week after his injuries in this case. Thus, the petitioner failed to demonstrate that he did not have the ability or capacity to file a timely notice of claim (*see, Matter of Caruso v County of Westchester,* 220 AD2d 746; *Matter of Dominguez v New York City Health & Hosps. Corp.,* 178 AD2d 186).

Furthermore, the fact that the claimant was unaware of the notice requirements because of a lack of fluency in the English language is not an acceptable excuse for his failure to file a timely notice of claim (*see, Ribeiro v Town of N. Hempstead,* 200 AD2d 730; *Matter of Tricomi v New York City Hous. Auth.,* 191 AD2d 447). Santucci, J. P., Joy, Krausman and Florio, JJ., concur.