Matter of Benavides v New York City Health & Hosps. Corp. (2023 NY Slip Op 05092)

Matter of Benavides v New York City Health & Hosps. Corp.

2023 NY Slip Op 05092

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 801170/22 Appeal No. 750 Case No. 2022-03204 

[*1]In the Matter Jorge Benavides, Petitioner-Respondent,
v
New York City Health and Hospitals Corporation, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 29, 2022, which granted petitioner's application for leave to file a late notice of claim, unanimously affirmed, without costs.
The court did not abuse its discretion when it granted petitioner leave to serve a late notice of claim on respondent, because petitioner adequately established the relevant factors.
The purpose of subdivision 5 of section 50—e of the General Municipal Law, as amended, is to allow the judiciary to be flexible, to consider all relevant factors, and to exercise considerable judicial discretion in determining whether to permit service of a late notice of claim (see Segreto v Town of Oyster Bay , 66 AD2d 796 [2d Dept 1978]; see also Matter of Beary v City of Rye , 44 NY2d 398 [1978]).
In this case, petitioner's physical incapacity weighs heavily in favor of granting leave to file a late notice of claim. On September 6, 2020, petitioner was admitted for severe injuries, which were exacerbated by his allegedly suffering an ischemic stroke. Petitioner suffered traumatic brain injury, the loss of use in his right arm, hand, and leg, and spent the next 15 months recovering from his injuries while receiving inpatient treatment and treatment at two rehabilitative facilities. Following his discharge, he was confined to a wheelchair in his parents' apartment. These injuries provide a reasonable excuse for his late filing (see Strauss v New York City Tr. Auth., 195 AD2d 322, 322 [2d Dept 1993] ["the lateness of the notice was due to petitioner's disabling injuries, which prevented her from taking any but the most rudimentary steps to protect her claim, and prevented her from conducting an investigation adequate to identify the proper municipal corporation against which the claim should be asserted"]; see alsoMatter of Charles v New York City Health & Hosps. Corp. , 166 AD2d 526, 527 [2d Dept 1990] ["As has often been held, the prolonged hospitalization of a claimant, and the filing of a notice of claim within a reasonable time after the incapacity has terminated, constitute circumstances justifying the granting of an application for leave to serve a late notice of claim"]).
In addition, respondent New York City Hospitals Corporation (HHC) failed to make an adequate showing that it would be substantially prejudiced if petitioner is granted leave to file his claim. Although that notation does not appear to be a definitive diagnosis of an injury sustained by petitioner, it sufficiently put respondent on notice of a possible injury, necessitating further inquiry (id. at 528 [" While the HHC complains that its possession of the hospital records did not give it notice of the precise nature of the malpractice claimed in time to perform a prompt and thorough investigation, neither General Municipal Law § 50-e (5) nor case law requires a claimant to establish the merits of his cause of action at so preliminary a stage as upon service of a notice of claim"]).
Therefore, Supreme [*2]Court did not abuse its discretion in granting petitioner's leave to file a late notice of claim, given petitioner's near complete physical incapacity and HHC's failure to adequately rebut petitioner's showing that granting him leave to file would not cause substantial prejudice. We have considered respondent's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023