■ STEPHEN GAYNOR et al., Respondents-Appellants, v TOWN OF HOOSICK et al., Appellants-Respondents. — Cross appeals from an order of the Supreme Court at Special Term (Conway, J.), entered June 27, 1980 in Rensselaer County, which granted plaintiffs' motion to deem a notice of claim filed on September 19, 1979 to be timely served, ordered defendants to examine two of the plaintiffs by written rather than oral questions, and granted defendants' cross motion to dismiss the complaint with leave to plaintiffs to replead.

Plaintiffs, nonresident owners of realty in the Town of Hoosick, Rensselaer County, allege that they were injured when defendants unlawfully came upon their property and cut down numerous trees and removed large quantities of earth in connection with a town highway improvement program. On September 19, 1979, Harold Gaynor, father of plaintiffs and a resident of the Town of Hoosick, filed a notice of claim as the "authorized agent" of plaintiffs. On October 16, 1979, defendants served on plaintiffs a notice of hearing (General Municipal Law, § 50-h). Thereafter, plaintiffs moved at Special Term for leave to file a late notice of claim or, alternatively, that the notice of claim filed on September 19, 1979 be deemed timely, and, further, that the hearing of plaintiffs be conducted upon written questions. Defendants cross-moved to dismiss the complaint (CPLR 3211, subd [a], par 7). Special Term found the September 19, 1979 notice of claim to have been timely filed, dismissed the complaint with leave to replead after plaintiffs had complied with the hearing required by section 50-h of the General Municipal Law, and ordered that the examination of two of the plaintiffs be conducted by the use of written questions. These cross appeals ensued. The notice of claim, dated September 19, 1979, by Harold Gaynor as "authorized agent" for plaintiffs, was untimely served (General Municipal Law, § 50-e, subd 1). Subdivision 2 of section 50-e requires that the notice of claim state "the time when, the place where and the manner in which the claim arose". Paragraph 4 of the September 19, 1979 notice of claim states "the time when the claims arose were * * * during various months in 1976, October of 1977, and February, March, August, September and October of 1978". Clearly, the subject notice of claim was not filed within 90 days of the latest date on which plaintiffs alleged their claims arose (General Municipal Law, § 50-e, subd 1). Next, since section 50-i of the General Municipal Law makes compliance with section 50-e of the same law a condition precedent to the commencement of an action in tort against a municipality, Special Term erred in finding the September 19, 1979 notice of claim to be timely served. A condition precedent is not a time limitation and those factors that may be considered to determine if leave should be granted to serve a late notice (General Municipal Law, § 50-e, subd 5) cannot be indulged to legitimize a notice of claim already served beyond the 90-day period (see *Glamm v City of Amsterdam,* 67 AD2d 1056, affd 49 NY2d 714). Since Special Term held the September 19, 1979 notice to have been timely served, it did not consider plaintiffs' alternate request that they be granted leave to serve a late notice of claim. While a court is vested with broad discretion in determining whether to extend the time for serving a notice of claim, it cannot extend the period beyond the time limit for commencement of an action against a municipality (General Municipal Law, § 50-e, subd 5; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). Here, given the recitation of the dates in the September 19, 1979 notice of claim of when plaintiffs' claims arose, the only times that could possibly be within the 15-month extension permitted by section 50-e of the General Municipal Law would be those occurring during the last few days of September and the month of October, 1978. However, even as to these time frames, it is our view that if Special Term had addressed plaintiffs' alternate request for relief, it would have concluded, as we do, that plaintiffs failed to prove that they were entitled to such relief pursuant to subdivision 5 of section 50-e of the General Municipal Law. In view of our determination that the September 19, 1979 notice of claim was untimely, we need not address the issue of plaintiffs' examination pursuant to section 50-h of the General Municipal Law. Order modified, on the law and the facts, by striking the second and third decretal paragraphs and by deleting so much of the first decretal paragraph as granted plaintiffs leave to replead, and, as so

modified, affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.