■ EDWARD RECHENBERGER et al., Appellants, v NASSAU COUNTY MEDICAL CENTER, Respondent.—In a proceeding for leave to serve a late notice of claim, petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated January 26, 1984, as denied that branch of their motion which sought leave to serve a late notice of claim.

Order reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and that branch of petitioners' motion which sought leave to serve a late notice of claim granted. Petitioners' proposed notice of claim is deemed served.

On May 3, 1982, petitioner Edward Rechenberger was admitted to the Nassau County Medical Center where he was diagnosed as suffering from intertrochanteric and subtrochanteric fractures to his right hip. The following day, Mr. Rechen-

berger underwent an operation during which surgical hardware was implanted in his right hip. On May 18, 1982, 14 days after the operation, Mr. Rechenberger was walking with the aid of a walker provided by the hospital in his hospital room when his right leg gave way. X rays were taken and Mr. Rechenberger was informed that a second operation was necessary. During the second operation, which was performed on May 25, 1982, it was determined that the surgical hardware implanted during the first operation had failed, and required new surgical hardware which was inserted at that time. Mr. Rechenberger was discharged from the hospital on June 19, 1982. Thereafter, Mr. Rechenberger visited the orthopedic clinic at the Nassau County Medical Center for therapy for his right hip on June 28, 1982, July 26, 1982, August 23, 1982 and September 20, 1982.

On January 19, 1983, Mr. Rechenberger was examined by a physician on behalf of his employer's workers' compensation carrier. During that examination, Mr. Rechenberger was advised, for the first time, that the surgical hardware implanted in his right hip during the course of the May 4, 1982 operation was inserted improperly, thereby resulting in the second operation and Mr. Rechenberger's continued disability. On February 16, 1983, Mr. Rechenberger retained a law firm to commence a medical malpractice action against the Nassau County Medical Center. On or about February 25, 1983, petitioners' attorney contacted the hospital and requested copies of all of Mr. Rechenberger's records. The records were not received until July 28, 1983. In August 1983, Mr. Rechenberger, under the care and supervision of his own physician, underwent a third operation to remove the surgical hardware in his hip which had caused a massive infection. This third operation was performed at Mid-Island Hospital. Mr. Rechenberger has since been informed that a fourth operation will be necessary.

On or about October 24, 1983, petitioners moved, *inter alia,* for an order permitting the service of a late notice of claim against the Nassau County Medical Center. Special Term, in its discretion, denied petitioners' application on the ground that no reasonable explanation was offered for the delay in serving a notice of claim and there was no indication that the hospital had actual notice of petitioners' claim within 90 days after the claim arose, or within a reasonable time thereafter. Based upon our review of the record, we disagree with Special Term's determination and accordingly reverse.

At the outset, it is significant to note that petitioners'

instant application was not barred by the Statute of Limitations (*see, Pierson v City of New York,* 56 NY2d 950). Mr. Rechenberger was discharged from the hospital on June 19, 1982; however, he continued to regularly visit the hospital's orthopedic clinic for therapy for his right hip until September 20, 1982. Thus, under the continuous treatment doctrine (*Borgia v City of New York,* 12 NY2d 151), the Statute of Limitations period of one year and 90 days (General Municipal Law § 50 [e], [i]) did not begin to run until September 20, 1982 and did not expire until December 19, 1983. Since petitioners' instant application was made on or about October 24, 1983, it was not brought after the time provided for the commencement of an action against a municipal corporation.

Turning to the merits of petitioners' application, we conclude, contrary to Special Term, that the hospital had actual knowledge of the essential facts constituting petitioners' claim within 90 days after the claim arose. It is undisputed that the Nassau County Medical Center possesses records, kept in the ordinary course of business, pertaining to Mr. Rechenberger's treatment while he was in the hospital. Since those records documented the hospital's treatment, which petitioners now claim to have been negligent, the hospital clearly obtained actual notice of the underlying facts of the claim within the statutory 90-day period (*see, Ansaldo v City of New York,* 92 AD2d 557; *Matter of Alessi v County of Nassau,* 85 AD2d 725; *Matter of Wade v City of New York,* 65 AD2d 534). In turn, "actual knowledge of the facts * * * makes it unlikely that prejudice will flow from a delay in filing" (*Matter of Beary v City of Rye,* 44 NY2d 398, 412-413).

Admittedly, petitioners have failed to present any reasonable explanation for their delay in serving a notice of claim. Mr. Rechenberger became aware of the alleged malpractice on January 19, 1983 and retained a law firm to prosecute his claim in February 1983; however, the instant application for the serving of a late notice of claim was not made until October 1983. Even assuming that petitioners were awaiting receipt of the hospital records before serving a notice of claim, which, it is noted, were not necessary to preserve their malpractice claim, petitioners did not explain why a period of three months elapsed between the date the records were received and the date the instant application was made. While the absence of such an explanation is troublesome, we note that " "the presence or absence of any one factor' listed in subdivision 5 of section 50-e of the General Municipal Law is not necessarily determinative (*Matter of Morris v County of*

*Suffolk,* 88 AD2d 956, 957, affd 58 NY2d 767). "Rather, all relevant factors are to be considered' (*Matter of Cicio v City of New York,* 98 AD2d 38, 39; *Matter of Beary v City of Rye,* 44 NY2d 398, 411-412, *supra; Heiman v City of New York,* 85 AD2d 25)." (*Matter of Bensen v Town of Islip,* 99 AD2d 755, *appeal dismissed* 62 NY2d 798). In this case, the delay in serving a notice of claim was not substantially prejudicial to the hospital since, as discussed previously, the hospital had actual notice of the underlying facts which comprised petitioners' claim. Thus, even if petitioners had served their notice of claim in a timely fashion, the information which would have been available to the hospital with regard to the essential facts of the claim would have been substantially the same, if not the same, as that which is now available.

Exercising our discretion (*Matter of Beary v City of Rye,* 44 NY2d 398, *supra; Matter of Somma v City of New York,* 81 AD2d 889), we conclude that given the facts of this case as well as the absence of substantial prejudice to the hospital, petitioners should have been given leave to serve a late notice of claim. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.