■ JOSEPH CAPARCO et al., Appellants, v TOWN OF BROOKHAVEN, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5), *inter alia,* for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Suffolk County (Orgera, J.). dated August 27, 1986, which denied their application.

Ordered that the order is affirmed, with costs.

The availability of the toll of infancy in a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim does not require that an extension be granted in every case *(Matter of Katz v Rockville Centre*

*Union Free School Dist.,* 131 AD2d 574; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611). "The decision to grant or deny an extension under section 50-e (subd 5) is still purely a discretionary one, and the courts remain free to deny an application for an extension in the interests of fairness to the potentially liable public corporation" *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265-266).

In the instant case the Supreme Court, Suffolk County, did not abuse its discretion in denying the petitioners' application for leave to serve a late notice of claim. The disability of infancy is outweighed by the prejudice suffered by the respondent Town of Brookhaven which did not receive actual knowledge of the facts underlying the claim of negligence within a reasonable time after the accident occurred. Actual knowledge of the accident and claim was not obtained until the petitioners made the instant application to serve a late notice of claim almost two years after the accident. The petitioners' contention that prior complaints made to the town about defects in the road where the accident occurred provided sufficient knowledge is without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.