■ In the Matter of JEANINE ANDERSEN, an Infant, by Her Mother and Natural Guardian, MARY J. ANDERSEN, et al., Respondents, v NASSAU COUNTY MEDICAL CENTER, Appellant. —In a proceeding for leave to serve a late notice of claim pursuant to the General Municipal Law § 50-e and for leave to simultaneously serve a summons and complaint, the Nassau County Medical Center appeals from so much of an order of the Supreme Court, Nassau County (DiPaola, J.), entered July 18, 1986, as granted the application to the extent of granting leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, in the exercise of discretion, with costs, and application denied in its entirety.

In this case there was a delay of 9 years and 10 months in bringing the application for leave to serve a late notice of claim to recover damages for alleged medical malpractice. Under the terms of the statute, the fact of infancy alone, without more, is insufficient to warrant the granting of leave to serve a late notice of claim *(Matter of Murray v City of New York,* 30 NY2d 113). The delay must be the product of the

infancy itself. The affidavits submitted in support of this application are vague and nonspecific as to the nature of the present condition of the child, when those conditions first manifested themselves, and when the possibility of a malpractice claim was first considered. There is nothing in the record of a possible nexus between the claimed permanent disabilities and the treatment received by the infant as a newborn, to justify the inference that the appellant had actual knowledge of the essential facts underlying the present claim *(see, Matter of Albanese v Village of Floral Park,* 128 AD2d 611; *Fox v City of New York,* 91 AD2d 624; *cf., Matter of Lucas v City of New York,* 91 AD2d 637).

Our decision in *Rechenberger v Nassau County Med. Center* (112 AD2d 150), does not require a contrary result and is clearly distinguishable. In *Rechenberger,* unlike the case at bar, the petitioner set forth in detail all of the facts surrounding the alleged medical malpractice, which was the improper insertion of surgical hardware, when it was discovered, and the actions taken to present the claim.

To the extent that the petitioner alleges that the disabilities now claimed did not manifest themselves until the infant began to mature, the absence of any affidavits from medical experts is a factor warranting the denial of an application for leave to serve a late notice of claim *(see, Matter of Savelli v City of New York,* 104 AD2d 943). A medical affidavit may not be necessary when the extent and duration of the disability is readily apparent to a lay person. However, the affidavit of the mother of the infant claimant herein is couched in vague generalities that do not satisfy this requirement. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.