■ In the Matter of SEAN SAMPSON, an Infant, by PATRICIA SAMPSON et al., His Parents, Respondent, v ANTHONY CAZZARI, as Town Supervisor, et al., Appellants.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Putnam County (Dickinson, J.), dated April 3, 1987, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

The instant application for leave to file a late notice of claim was made after the expiration of the 1-year-and-90-day period of limitations set forth in General Municipal Law § 50-i (1). The court may only grant permission to file a late notice of claim if the motion is made within the statutory period unless the statute has been tolled (General Municipal Law § 50-e [5]). While the toll of infancy is applicable to proceedings pursuant to General Municipal Law § 50-e (5), the fact of infancy alone does not automatically warrant the granting of an extension to the 90-day notice requirement *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Caparco v Town of Brookhaven,* 133 AD2d 803; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, *lv denied* 71 NY2d 801). The delay must be the product of the infancy itself *(see, Matter of Andersen v Nassau County Med. Center,* 135 AD2d 530).

With respect to the infant's claim, we find the disability of infancy outweighed by other factors. Counsel for the infant was retained four months after the accident. No action was taken until a notice of claim was served on the appellant Town of Kent over 13 months after the accident and nine months after counsel was retained. The town did not receive actual knowledge of the accident until the notice of claim was

served. The motion for leave to serve a late notice of claim was not made until more than five months after the notice was served.

The delay was unrelated to infancy. The only excuse offered for the delay in serving the notice of claim was law office failure but the respondent's attorney did not explain the additional delay in moving for leave to serve a late notice of claim.

In light of the delay in notice, the appellants' ability to prepare a defense was diminished. Contrary to the trial court's holding, we do not find that the examination of the infant pursuant to General Municipal Law § 50-h more than 16 months after the accident and prior to the making of the motion was sufficient to demonstrate a lack of prejudice. In any event, the court was without jurisdiction to grant the motion to file a late notice of claim with respect to any claim by the parents of the injured infant (see, Pierson v City of New York, 56 NY2d 950). Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.