■ In the Matter of TENISE KYSER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York City Housing Authority appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated January 26, 1990, which granted the application.

Ordered that the judgment is reversed, on the law, with costs, the application is denied, and the proceeding is dismissed.

Sometime toward the the middle of December 1988 the infant petitioner was allegedly injured in a building owned by the New York City Housing Authority (hereinafter the NY-CHA). On or about March 9, 1989 (i.e., within the 90-day period), the petitioner's counsel served copies of a notice of claim upon the Corporation Counsel and the Comptroller of the City of New York, allegedly in reliance upon information from Record Abstract Corporation that the premises were owned by the City of New York. We note, however, that this original notice of claim named the NYCHA as the entity against which the claim was being made. On or about April 7, 1989, the petitioner's attorney received a letter from Record Abstract Corporation advising counsel that the correct owner of the building was the NYCHA. By notice of petition dated October 24, 1989, the petitioner sought leave to serve a late notice of claim upon the NYCHA. In the judgment appealed from, the petition was granted.

While the question of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court (see, Matter of Gruber v City of New York, 156 AD2d 450; Matter of Fast v County of Broome, 151 AD2d 930; Matter of Halperin v City of New York, 127 AD2d 461), under the circumstances of this case, we conclude that that discretion was improvidently exercised. Significantly, although the petitioner's attorney was advised in early April 1989 that the correct owner of the building where the accident occurred was the NYCHA, the petitioner failed to apply for

leave to serve a late notice of claim until the end of October 1989. This unexplained delay of six and one-half months warrants denial of the application (see, Matter of Perry v City of New York, 133 AD2d 692; Kravitz v County of Rockland, 112 AD2d 352, affd 67 NY2d 685).

Moreover, in addition to the unwarranted delay in seeking leave to serve a late notice of claim, the petitioner also failed to show that the NYCHA had knowledge of the underlying facts of the accident within the 90-day period or within a reasonable time thereafter (cf., Ortega v New York City Hous. Auth., 167 AD2d 337). The petitioner's reliance upon a police accident report in this case is misplaced (see, Matter of Morris v County of Suffolk, 88 AD2d 956, affd 58 NY2d 767). That report indicates that the infant petitioner was injured at 3:00 P.M. on December 18, 1988, while playing on the fourth floor of the building. However, the original notice of claim and the affidavit of the infant's mother in support of the petition allege that the accident occurred at 10:30 P.M. on December 12, 1988, when the infant fell down a staircase. The location of the stairway where the accident allegedly occurred was not set forth. Further, the proposed notice of claim dated October 24, 1989, and the verified complaint dated February 8, 1990, both allege that the accident occurred on December 16, 1988. The discrepancies are too significant to ignore.

The petitioner may not now rely upon her infancy in order to toll the provisions of the statute. It is well established that the mere fact of infancy, without more, is insufficient to justify the granting of leave to serve a late notice of claim (see, Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671), as infancy is but one of several factors to be considered under General Municipal Law § 50-e (5) (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265; Caparco v Town of Brookhaven, 133 AD2d 803). In this case, the absence of a nexus between the delay in seeking leave to serve a late notice of claim and the petitioner's infancy militates against the granting of the application based upon the petitioner's infancy (see, Matter of Gandia v New York City Hous. Auth., 173 AD2d 824; Matter of Andersen v Nassau County Med. Center, 135 AD2d 530). Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.