■ Milosz Kardashinsky, an Infant, by His Mother and Natural Guardian, Halina Kardashinsky, et al., Respondents, v New York City Housing Authority, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Krausman, J.), entered April 11, 1990, which granted the application.

Ordered that the order is reversed, on the law, with costs, the application is denied, and the proceeding is dismissed.

The infant petitioner was injured in a vaguely described accident on an unspecified part of a playground allegedly owned and maintained by the New York City Housing Authority (hereinafter the NYCHA). Some eight months later the petitioners, through counsel, sought leave to serve a late notice of claim which, after the petitioners supplied proof of the infant petitioner's age, was granted. We reverse.

"It is well established that the mere fact of infancy, without more, is insufficient to justify the granting of leave to serve a late notice of claim *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), as infancy is but one of several factors to be considered under General Municipal Law § 50-e (5)" *(Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601, 602). In this case, the fact of infancy on which the petitioners rely does not explain the delay in the timely service of a notice of claim and we note that the petitioners failed to show that the NYCHA had actual knowledge of the essential facts constituting the claim within the 90-day period set forth in General Municipal Law § 50-e (1) (a) or within a

reasonable time thereafter *(see,* General Municipal Law § 50-e [5]; *see also, Matter of Kyser v New York City Hous. Auth., supra).* Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.