■ In the Matter of AMANDA FALLON, an Infant, by Her Mother and Natural Guardian, ANNIKA FALLON, Respondent, v COUNTY OF WESTCHESTER, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered June 5, 1990, which granted the petition.

Ordered that the judgment is reversed, as a matter of discretion, with costs, and the application for leave to serve a late notice of claim is denied.

The record reveals that the delay in seeking leave to serve a late notice of claim was not the product of the petitioner's infancy, but rather was attributable to a delay on the part of

her counsel. That delay was not adequately explained (see, Matter of Sampson v Cazzari, 142 AD2d 681). Moreover, there is nothing in the record to establish a nexus between the petitioner's condition and the alleged malpractice on the part of the Westchester County Medical Center. Thus, the medical records alone did not give the County notice of the facts underlying the claim. Accordingly, the Supreme Court improvidently exercised its discretion in granting the infant petitioner leave to serve a late notice of claim. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.