■ In the Matter of LIZETTE MONDACA et al., Appellants, v COUNTY OF WESTCHESTER, Respondent. [600 NYS2d 260] —In a proceeding for leave to serve a late notice of claim, the petitioners Lizette Mondaca and her mother Mirta Mondaca appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered May 9, 1991, which denied the application.

Ordered that the judgment is affirmed, with costs.

General Municipal Law § 50-e requires that a person who sues a municipality or its subdivision in tort must serve a notice of claim upon the proposed defendant within 90 days of the incident constituting the gravaman of the complaint so that it may have a timely opportunity to investigate the matter before changes occur and before memories of possible witnesses fade (see, Caselli v City of New York, 105 AD2d 251). A person who does not serve a timely notice of claim may move, as in the instant case, pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. However, where there is an unexplained delay in service of a

notice of claim, and prejudice to the municipality or its subdivision, the application should be denied *(see, Goudie v County of Putnam,* 95 AD2d 823). The court must "strike an equitable balance between a public corporation's need for prompt notification of a claim against it, and an injured party's interest in just compensation" *(Matter of Ferrer v City of New York,* 172 AD2d 240, 241). Applying these principles, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the application. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.