■ In the Matter of TREMAYNE D'ANJOU, an Infant, by His Mother and Natural Guardian, IRMA D'ANJOU, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appel-

lant. [601 NYS2d 944] —In a proceeding pursuant to General Municipal Law § 50-e, *inter alia,* for leave to serve a late notice of claim, the New York City Health and Hospitals Corporation appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated February 1, 1991, as granted the petition to the extent of permitting late service of a notice of claim, and (2) from an order of the same court, dated October 28, 1991, which denied its motion which was denominated as one for leave to renew.

Ordered that the order dated February 1, 1991, is reversed insofar as appealed from, on the law and as a matter of discretion, and that branch of the petition which was for leave to serve a late notice of claim is denied; and it is further,

Ordered that the appeal from the order dated October 28, 1991, is dismissed, as academic, in view of the disposition of the appeal from the order dated February 1, 1991; and it is further,

Ordered that the appellant is awarded one bill of costs.

It is undisputed that on October 11, 1981, Irma D'Anjou gave birth prematurely to a set of twins at Kings County Hospital. One of the children, the infant petitioner herein, was transferred to the hospital's newborn nursery on October 25, 1981, and remained there until his discharge on December 23, 1981. On November 18, 1981, the infant underwent an X-ray examination because of swelling in his thigh, and it was discovered that he had a fractured left femur. A cast was placed on the thigh, and the infant's recovery apparently was uneventful.

Approximately nine years later, Irma D'Anjou, as the legal representative of the infant petitioner, sought leave to serve a late notice of claim upon the New York City Health and Hospitals Corporation (hereinafter HHC). She averred in vague fashion that leave should be granted because she was not born in the United States, she was not highly educated, and she only recently had been advised of the possibility of bringing a lawsuit with respect to her son's injury. She further averred that "[i]n the course of his hospitalization, my son suffered a broken leg due to the careless and negligent treatment of the medical personnel and Kings County Hospital and suffers to this day as a result with a shortened left leg and limp". The proposed notice of claim stated that the claim arose from the date of the infant's birth through the date of his discharge from the hospital. The Supreme Court granted leave to serve the late notice of claim. We reverse.

While the request for leave to serve the late notice of claim may have been timely made within the limitations period for commencement of the action, as tolled by infancy *(see,* General Municipal Law § 50-e; CPLR 208; *Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630), we find that the Supreme Court improvidently exercised its discretion in granting the request in the instant case. Pursuant to General Municipal Law § 50-e (5), the court, in determining whether to permit service of a late notice, must consider whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay *(see, Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526).

The petitioner's mother has failed to proffer a valid and acceptable excuse for the delay in seeking leave to serve a late notice of claim. Her vague and unsubstantiated references to having been born outside the United States, to her lack of education, and to her previous lack of awareness of the possibility of a lawsuit, are conclusory in nature and are inadequate to warrant the granting of the application under the circumstances of this case *(see, e.g., Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824; *Matter of Perez v New York City Hous. Auth.,* 156 AD2d 177; *Matter of Mallory v City of New York,* 135 AD2d 636; *Figueroa v City of New York,* 92 AD2d 908). Additionally, although the petitioner is an infant, it is clear that the delay was unrelated to his infancy. While this fact is not fatal to an application for permission to serve a late notice *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), "the absence of a showing that the delay is the product of the infancy itself is a factor which militates against granting such relief" *(Matter of Gandia v New York City Hous. Auth., supra,* at 824; *see, Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601).

Additionally, the petitioner's claim that the appellant had actual knowledge of the claim and will not be prejudiced by the delay is unpersuasive. To be sure, the service of a late notice is often permissible in a medical malpractice action relating to the care and treatment of a patient because the hospital possesses the patient's medical records and thus has actual notice of the claim and the underlying facts *(see, e.g., Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Quiroz v City of New York,* 154 AD2d 315). However, this exception is not applicable to the instant case, inasmuch

as the vague notice of claim fails to indicate whether recovery is sought for ordinary negligence in the breaking of the petitioner's leg or for medical malpractice in the subsequent treatment of the fracture by hospital personnel. Hence, the notice is defective because it does not adequately set forth the nature of the claim and the time and manner in which it arose (see, General Municipal Law § 50-e [2]). Given these circumstances, it cannot be said that the appellant had actual notice of the facts underlying the claim by virtue of its possession of the hospital records, since those records do not reflect the manner in which the petitioner's leg was fractured or the identity of the person who is responsible for the injury. Consequently, the appellant would be manifestly prejudiced if it were forced to defend against this vague claim after such a substantial period of time has elapsed and the possibility of conducting a relevant investigation into the occurrence of the injury has dissipated (see generally, Matter of King v City of New York, 186 AD2d 497; Matter of Fallon v County of Westchester, 184 AD2d 510). Sullivan, J. P., Balletta and Ritter JJ., concur.

Santucci, J., dissents and votes to affirm the order dated February 1, 1991, insofar as appealed from, and to affirm the order dated October 28, 1991, with the following memorandum: I dissent. As the majority points out, "the service of a late notice of claim is often permissible in a medical malpractice action relating to the care and treatment of a patient because the hospital possesses the patient's medical records and thus has actual notice of the claim and underlying facts" (see, e.g., Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671; Matter of Quiroz v City of New York, 154 AD2d 315). However, I disagree with the majority's conclusion that the late notice should not be permitted in the case at bar because it does not adequately set forth the nature of the claim and the time and manner in which it arose (see, General Municipal Law § 50-e [2]).

The only essential facts known to the petitioner at this point in time, and indeed the only facts which can set forth the nature of the claim, are that the infant suffered a fractured femur while in the appellant's care, and that he was thereafter treated for the injury by the appellant. It is unclear at this stage of the proceedings whether the injury was the result of trauma occasioned by the negligence of the appellant or someone else, malpractice during the delivery, or even malpractice in the subsequent treatment of the injury. However, it is axiomatic that a one-month-old infant could not

incur such a grievous injury in the absence of either malpractice or negligence. Moreover, since the hospital's records do not indicate how the injury occurred, there is no reason to assume that the fracture was the result of negligence by someone other than an employee of the appellant. Concomitantly, it cannot be assumed that the appellant is liable for the injury at this point in time. Under these circumstances, the petitioner's notice of claim is sufficient to apprise the public corporation of the essential nature of the claim, regardless of whether her action is predicated upon malpractice or simple negligence or both (General Municipal Law § 50-e [2]). At the very least, the notice of claim is sufficient to permit the late filing so that a more exact picture of the manner in which the claim arose may emerge upon future discovery.

Moreover, we have previously held that "neither General Municipal Law § 50-e (5) nor case law requires a claimant to establish the merits of his cause of action at so preliminary a stage as upon service of a notice of claim" *(Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526, 528). Nor is the petitioner required to present a prima facie case upon her application for a late notice of claim *(see, Jenkins v County of Westchester,* 133 AD2d 808, 809).

I also disagree that the appellant would be manifestly prejudiced by the delay because the hospital records do not reflect how the infant's leg was fractured nor who is responsible. The inadequacy of the hospital's records can only be attributed to the appellant itself, and one can only speculate why these records do not reflect anything regarding the cause of the injury. Indeed, given that the hospital was directly responsible for the infant's care and treatment, the failure to document or even suggest the cause of the fracture is inherently suspicious, especially since such an injury to a one-month-old infant is particularly unusual. As a result, the appellant should not be heard to complain that it is prejudiced by its own failure to maintain more complete records in this situation. The majority would in fact encourage the keeping of inadequate records so that such records could not form the basis of actual notice to a public corporation hospital in the event of a future application to serve a late notice of claim.

Finally, although the petitioner's mother has offered what may be characterized as a weak excuse for her earlier failure to file a late notice of claim, in the exercise of discretion, and in view of the totality of circumstances herein, I do not believe that the mother's limited education and ignorance of the law should operate to bar the infant's claim *(see, Fleming v Man-*

*hattan & Bronx Surface Tr. Operating Auth.,* 86 AD2d 509). It must also be borne in mind that the permanency which resulted from the injury, to wit, a shortened left leg, is a condition which did not manifest itself until the infant began to grow, years after the fracture occurred. Thus, I would conclude that the application for leave to serve the late notice of claim should have been permitted despite the substantial delay in seeking such relief *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 670, *supra).*

Accordingly, for the above-stated reasons, I would vote to affirm the order which granted the petitioner's application for leave to serve a late notice of claim insofar as appealed from, and to affirm the order denying the appellant renewal.