■ In the Matter of JAMES GLEASON, Petitioner-Respondent, v COUNTY OF PUTNAM, Appellant, et al., Respondent. [620 NYS2d 260] —In a proceeding for leave to serve a late notice of claim, the County of Putnam appeals from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated March 30, 1993, as (1) granted the claimant's motion for reargument solely to the extent of granting reargument of that branch of the claimant's prior application which was for permission to serve a late notice of claim against the County of Putnam, and (2) vacated so much of a prior order of the same court dated January 6, 1993, as denied that branch of the claimant's prior application which was for leave to serve a late notice of claim against the County of Putnam, and granted that branch of the claimant's prior application.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the claimant's motion for reargument is denied in its entirety, and the provision of the

order dated January 6, 1993, which denied that branch of the claimant's application which was for leave to serve a notice of claim against the County of Putnam is reinstated.

The application for leave to serve a late notice of claim was made in October 1992, approximately 15 months after the occurrence which resulted in the claimant's injuries. The application was brought on by the third of the three attorneys consulted by the claimant. Considering these, and all the other circumstances of this case, we conclude that the claimant has failed to demonstrate his entitlement to the relief granted by the Supreme Court (see, General Municipal Law § 50-e [5]; see also, Kardashinsky v New York City Hous. Auth., 182 AD2d 676; Matter of Wertenberger v Village of Briarcliff Manor, 175 AD2d 922). Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.