■ In the Matter of CASSANDRA DIAZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. [622 NYS2d 102] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from (1) an order of the Supreme Court, Kings County (Bernstein, J.), dated October 18, 1991, which denied their application for leave to serve a late notice of claim, and (2) an order of the same court, dated September 2, 1993, which denied their motion, denominated as one to renew and reargue, which was, in effect, for reargument.

Ordered that the appeal from the order dated September 2, 1993, is dismissed; and it is further,

Ordered that the order dated October 18, 1991, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

That branch of the petitioners' motion which was to renew was based upon facts that could have been raised at the time of the original motion, and the petitioners offered no excuse for their failure to present the evidence at that time. Therefore, the petitioners' motion, denominated as a motion to renew and reargue, was, in actuality, only a motion to reargue, the denial of which is not appealable *(see, Bartolo v South Nassau Communities Hosp.,* 198 AD2d 204).

A notice of claim against a municipality must be served within 90 days after the claim arises (General Municipal Law § 50-e [1] [a]). However, a court, in its discretion, may grant a petitioner leave to serve a late notice of claim, "keeping in mind that it must strike an 'equitable balance * * * between a public corporation's reasonable need for prompt notification

of claims against it and an injured party's interest in just compensation' " *(Matter of Reisse v County of Nassau,* 141 AD2d 649, 650, quoting *Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142-143). In determining whether to grant leave to serve a late notice of claim, the court must consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e [5]).

Here, the court did not err in denying the petitioners' application for leave to serve a late notice of claim. The petitioners did not proffer a legally acceptable excuse for their extensive delay in moving for such relief. Neither the petitioners' infancy, nor the alleged incompetency of their mother, explained the delay here, and the respondents did not have actual knowledge of the facts underlying the petitioners' claim within the 90-day period set forth in General Municipal Law § 50-e (1) (a) or within a reasonable time thereafter *(see, Kardashinsky v New York City Hous. Auth.,* 182 AD2d 676).

We have considered the petitioners' remaining contentions and find them to be without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.