[633 NYS2d 837]

In the Matter of THOMAS MATARRESE, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.

Second Department, November 20, 1995

8

### APPEARANCES OF COUNSEL

*Paul A. Crotty, Corporation Counsel* of New York City *(Francis Caputo, Elizabeth Natrella* and *Elizabeth Dvorkin* of counsel), for appellant.

*John Anthony Bonina & Associates, P. C.,* Brooklyn *(Sandra D. Janin* of counsel), for respondent.

### OPINION OF THE COURT

BALLETTA, J.

Although the determination of whether to grant an application for leave to serve a late notice of claim is generally left to the sound discretion of the trial court *(see, Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601; *Matter of Gruber v City of New York,* 156 AD2d 450), we find that under the circumstances of this case, the trial court improvidently exercised its discretion in granting the petitioner's application. The petitioner offered no explanation for his eight-year delay in making the application, and there were no other factors present which would have overcome the prejudice suffered by the appellant as a result of the delay. The infancy of the claimant, in and of itself, does not automatically justify the serving of a late notice of claim.

In this case, it is alleged that the infant claimant sustained, *inter alia,* brain damage and cerebral palsy as a result of the negligence of physicians employed at the appellant's Coney

Island Hospital. The alleged negligence occurred at the time of the infant claimant's birth in August 1985. Eight years later in July 1993, the petitioner, the infant claimant's father, made an application for leave to serve a late notice of claim, asserting merely that the application was timely brought within the 10-year tolling period for infancy and that the appellant had knowledge of the facts and would not be prejudiced by virtue of the medical records in its possession.

It is well settled that in determining whether to permit service of a late notice under General Municipal Law § 50-e, a court should consider all relevant facts and circumstances, including whether an infant is involved, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay (see, Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818, 820).

When all the relevant facts and circumstances of this case are taken into consideration, it is clear that it was an improvident exercise of discretion to grant the petitioner leave to serve a late notice of claim. The petitioner failed to provide any excuse for his eight-year delay in seeking leave to serve a late notice of claim (see, Matter of Plantin v New York City Hous. Auth., 203 AD2d 579; Ribeiro v Town of N. Hempstead, 200 AD2d 730), and, although an infant is involved, the delay was manifestly unrelated to the infancy (see also, Matter of Diaz v City of New York, 211 AD2d 789; Matter of Kornell v Clarkstown Cent. School Dist., 202 AD2d 426; Kardashinsky v New York City Hous. Auth., 182 AD2d 676). To merely assert, as the dissent does, that the motion was timely because it was made within the 10-year tolling provision for infancy is insufficient. General Municipal Law § 50-e does not provide for the automatic approval of an application for leave to serve a late notice of claim simply because it was made within the applicable Statute of Limitations for commencing an action and any tolling periods. This is not a case where a petitioner has attempted to provide an excuse, no matter how feeble, for the eight-year delay. Rather, the petitioner herein never bothered to put forth any excuse whatsoever (see, Matter of Mondaca v County of Westchester, 195 AD2d 511).

Moreover, there is absolutely nothing in the record to support the dissent's assertion that the delay "was directly attributable to the infancy". The nature of the infant claim-

ant's injuries would have manifested itself within a short period of time after his birth. Yet, his father waited eight years without explanation before seeking leave to serve a late notice of claim *(see, Matter of Kornell v Clarkstown Cent. School Dist., supra; Matter of Andersen v Nassau County Med. Ctr.,* 135 AD2d 530).

While the absence of a nexus between the delay and the infancy will not automatically preclude the granting of leave to serve a late notice of claim *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, 672), certainly "the absence of a showing that the delay is the product of the infancy itself is a factor which militates against granting such relief" *(Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824; *also, Kardashinsky v New York City Hous. Auth.,* 182 AD2d 676, *supra).* Moreover, "the mere fact of infancy alone is not sufficient as a matter of law to compel the granting of an application for leave to serve a late notice of claim" *(Matter of Kurz v New York City Health & Hosps. Corp., supra,* at 672; *also, Doukas v East Meadow Union Free School Dist.,* 187 AD2d 552; *Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601, *supra; Matter of Salyer v Valley Cent. School Dist.,* 163 AD2d 782). General Municipal Law § 50-e does not grant special dispensation to a claimant merely because he or she is an infant *(see, Matter of Kyser v New York City Hous. Auth., supra; Matter of Groshans v Town of Babylon,* 143 AD2d 666; *Caparco v Town of Brookhaven,* 133 AD2d 803).

Further, the petitioner failed to demonstrate a lack of prejudice to the appellant as a result of the unexcused eight-year delay *(see, Munnerlyn v City of New York,* 203 AD2d 437; *Matter of D'Anjou v New York City Health & Hosps. Corp., supra; Matter of Mondaca v County of Westchester,* 195 AD2d 511, *supra).* Indeed, it is undisputed that the four physicians who treated the infant claimant at the time of his birth are no longer employed by the appellant. The two doctors who performed the caesarean section in August 1985 had left the appellant's employ by February 1987. The doctor who examined the infant claimant immediately after birth had left the appellant's employ in June 1986, while the emergency room doctor left in September 1989. Thus, four years had passed since the last doctor had terminated his relationship with the appellant before the petitioner sought leave to serve a late notice of claim. Moreover, contrary to the dissent's suggestion, there is nothing in the record which would support a finding

that these doctors were available to the appellant at the time the petitioner's application was made. Thus, the appellant has been prejudiced by the delay (see, *Lallave v City of New York*, 127 AD2d 634; *Baehre v County of Erie*, 94 AD2d 943).

In addition, the obvious prejudice that has been suffered by the appellant as a result of the eight-year delay cannot be dismissed with a mere wave of the hand and the comment that the appellant has medical records in its possession. While it is true that in a number of cases the courts have indicated that the possession of medical records was a favorable factor toward granting leave to serve a late notice of claim, in those cases there were other factors present which also supported such relief. Thus, those cases are distinguishable from the instant case where there are no other mitigating circumstances present.

Furthermore, unlike the facts in *Rechenberger v Nassau County Med. Ctr.* (112 AD2d 150), relied upon by the dissent, there is nothing in the record which would suggest that the medical records contain the facts and information necessary to conduct an adequate investigation into the claim. The prejudice that would arise as a result of any inadequacies in the record would be further compounded by the prejudice arising from the fact that the four key physicians are no longer under the control of the appellant. Accordingly, the possible existence of medical records in this case does not warrant the granting of leave to serve a late notice of claim (see, *Matter of D'Anjou v New York City Health & Hosps. Corp.*, 196 AD2d 818, *supra; Matter of Aviles v New York City Health & Hosps. Corp.*, 172 AD2d 237; *Matter of Andersen v Nassau County Med. Ctr.*, 135 AD2d 530, *supra*).

Contrary to the position taken by the dissent, this case is remarkable for its complete absence of any factors which would justify granting leave to serve a late notice of claim. To grant leave in this case would be tantamount to rubberstamping the petitioner's application merely because an infant is involved. General Municipal Law § 50-e does not grant infants automatic leave to serve late notices and neither should the courts.

MILLER, J. (dissenting). I do not agree with the conclusion of the majority that the Supreme Court erred in granting leave to serve a late notice of claim. Rather, I find that the Supreme Court providently exercised its discretion in granting the application, as the petitioner demonstrated that the appellant,

the New York City Health and Hospitals Corporation (herein-after HHC), was not prejudiced by the delay, and that it had acquired actual notice of the facts pertaining to the alleged malpractice by virtue of its medical records. Consequently, I would affirm the order on appeal.

The infant claimant, Thomas James Matarrese, was born by caesarian section on August 12, 1985, at 11:59 A.M., approximately 15 hours after his mother, Janice Matarrese, was admitted to HHC's Coney Island Hospital. At the time of her admission, the child was already two weeks overdue and the fetus had experienced severe distress. Allegedly, as a result of HHC's failure to perform an immediate caesarian section, the infant claimant suffered a "hypoxic insult". Furthermore, allegedly deficient resuscitative care caused the infant claimant to develop permanent injuries, including brain damage and cerebral palsy.

On July 21, 1993, the infant claimant's father, Thomas Matarrese, retained counsel who immediately served a notice of claim, which was received by HHC the same day. The instant motion for leave to serve a late notice of claim was brought by order to show cause on July 27, 1993. Thus, it is apparent that counsel acted most expeditiously so as not to compound the delays.

In support of the application the petitioner argued that the notice of claim was timely, well within the available 10-year infancy toll. The petitioner also argued that there would be no prejudice to HHC since the hospital records provided actual notice of all the essential facts regarding the malpractice claim. The petitioner failed, however, to provide an excuse for the delay.

In opposition, HHC contended that the eight-year delay caused substantial prejudice because the four treating physicians of the infant claimant were no longer employed at the hospital. In addition, HHC argued that the medical records were both ineffective substitutes for the testimony of the physicians and provided insufficient notice of the essential facts constituting the claim. It did not deny possession of the records. Finally, HHC argued that the failure to provide an excuse for the delay was fatal to the application.

In his reply affirmation, the petitioner reiterated the contention that the medical records provided the HHC with actual notice of the claim within the statutory period and, implicitly acknowledging his omission, argued that the absence of one

factor, the failure to offer a reasonable excuse for the delay, is not determinative.

The Supreme Court granted the application. Contrary to the conclusion of my colleagues in the majority, I would affirm the order on appeal as a provident exercise of discretion.

When deciding an application for permission to serve a late notice of claim, a court is vested with broad discretion to grant an extension after considering the relevant facts and circumstances (see, Matter of Callahan v City of New York, 75 NY2d 899; Matter of West v New York City Health & Hosps. Corp., 195 AD2d 517; Williams v New York City Health & Hosps. Corp., 93 AD2d 885). Pursuant to General Municipal Law § 50-e (5), the relevant factors include whether the claimant was an infant, the reason for the delay, prejudice to the municipality, and in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim. The factors for the court to consider are directive rather than exclusive, and nothing in the statute makes the presence or absence of any one factor determinative (see, Rechenberger v Nassau County Med. Ctr., 112 AD2d 150; Matter of Savelli v City of New York, 104 AD2d 943; Barnes v County of Onondaga, 103 AD2d 624, affd 65 NY2d 664).

The majority does not contest that the determination to grant leave is generally purely discretionary. Rather, it finds that under the circumstances of this case, the trial court improvidently exercised its discretion. The majority relies on three factors to support its determination to reverse the Supreme Court's granting of the petitioner's application: (1) the absence of a nexus between the delay and the infancy; (2) the petitioner's failure to demonstrate a lack of prejudice to the appellant from the delay; and (3) the petitioner's failure to provide a valid excuse for the delay. As I will demonstrate below, the majority's conclusions are unpersuasive.

### NEXUS BETWEEN THE DELAY AND THE INFANCY

While a court is vested with broad discretion in determining whether to extend the time for serving a notice of claim on a municipality, it cannot extend the period beyond the time limit for commencement of an action against a municipality (Gaynor v Town of Hoosick, 85 AD2d 844, affd 58 NY2d 699). Generally, a notice of claim against a municipality must be served within 90 days after the claim arises (Charalambakis v

*City of New York,* 46 NY2d 785). However, where the claimant is an infant this time period in which to serve a notice of claim is subject to a toll of up to 10 years *(Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630; *Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671). In the instant case, the eight-year delay is not fatal to the claim of the infant claimant.

It is settled that infancy itself is not sufficient to compel an enlargement of the 90-day period within which to serve notices of claim against a municipality *(see, Matter of Kurz v New York City Health & Hosps. Corp., supra).* However, the absence of a nexus between the infancy and the delay is also not dispositive *(Matter of Kurz v New York City Health & Hosps. Corp., supra).* The majority, citing *Matter of Gandia v New York City Hous. Auth.* (173 AD2d 824) and *Kardashinsky v New York City Hous. Auth.* (182 AD2d 676), finds that the absence of a nexus between the delay and the infancy militates against granting leave to serve a late notice of claim. Both cases hold that the demonstration of a relationship between the delay and the infancy is only one of several factors to be considered. A petitioner is no longer required to establish that delay is a product of the infancy, as infancy is but one consideration to assess in determining an application for leave to serve a late notice of claim *(see, Matter of Kurz v New York City Health & Hosps. Corp., supra; Arias v New York City Hous. Auth.,* 178 AD2d 188).

Moreover, the record is replete with evidence to establish that a nexus does exist, as the delay in serving the notice of claim was directly attributable to the infancy and mental incapacity of the infant claimant. In the instant case, the infant claimant suffered severe hypoxic insult at birth resulting from HHC's allegedly negligent failure to perform a prompt caesarean, given the fetal distress and the fact that the child was two weeks overdue. Immediately followed by HHC's allegedly negligent resuscitative care, the infant claimant suffered permanent brain damage, cerebral palsy, developmental delays, and speech, language, and motor disorders. Under circumstances such as these, the evidence sufficiently showed physical incapacity of the infant claimant to investigate, prepare, and file his claim or secure someone to do it for him in a timely manner, and that such condition by virtue of his treatment at birth caused or greatly contributed to the delay *(see, Matter of West v New York City Health & Hosps.*

*Corp., supra,* 195 AD2d 517 [leave granted notwithstanding a five-year delay in a case alleging negligent treatment by hospital personnel during delivery resulting in cerebral palsy]; *Matter of Williams v Bronx Mun. Hosp. Ctr.,* 205 AD2d 420 [nine-year delay excused where it was product of the infant's permanent brain damage due to malpractice at birth]; *Matter of Kurz v New York City Health & Hosps. Corp., supra* [approximate 10-year delay excused]).

## PREJUDICE FROM THE DELAY

Similarly contradicted by the record is the majority's finding that the petitioner failed to demonstrate a lack of prejudice to HHC as a result of the eight-year delay. General Municipal Law § 50-e is designed solely for the benefit of a public corporation, to assure it prompt notification of a claim against it and adequate opportunity to investigate the merits of such claim *(see, Adkins v City of New York,* 43 NY2d 346; *Ortiz v New York City Hous. Auth.,* 201 AD2d 547). The court must strike an " 'equitable balance between a public corporation's need for prompt notification of a claim against it, and an injured party's interest in just compensation' " *(Matter of Mondaca v County of Westchester,* 195 AD2d 511, 512, quoting *Matter of Ferrer v City of New York,* 172 AD2d 240, 241).

HHC contends that it was prejudiced due to the length of delay, the fact that the treating physicians are no longer in its employ, and because the hospital records served as ineffective notice of the facts. While a long delay in filing a notice of claim against a municipality can support a finding of prejudice, it does not mandate such a finding *(see, Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630, *supra* [10-year delay excused]; *Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806, *supra* [nine-year delay excused]; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671, *supra* [approximate 10-year delay excused]). Here, the length of delay was eight years, well within the 10-year toll provided for infancy.

Nor does the fact that certain potential witnesses are no longer employed by HHC constitute substantial prejudice *(see, Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Daniel J. v New York City Health & Hosps. Corp., supra* [late notice of claim permitted notwithstanding 10-year delay during which hospital closed since availability of hospital records provided prompt notice to HHC]). In the instant

case, although the four treating physicians reportedly no longer work at the hospital, there has been no showing that these potential witnesses would be unavailable to the defense.

Inherent to the consideration of whether prejudice results from the delay is whether the municipality received actual notice of the essential facts constituting the claim against it (see, Matter of Morris v County of Suffolk, 88 AD2d 956, affd 58 NY2d 767; Kavanaugh v Memorial Hosp. & Nursing Home, 126 AD2d 930). Contrary to HHC's contention, under the facts of this case, its possession of the infant claimant's medical records did constitute actual and timely notice of the facts underlying the claim of medical malpractice (see, Matter of Tomlinson v New York City Health & Hosps. Corp., supra; Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Charles v New York City Health & Hosps. Corp., 166 AD2d 526; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, supra).

It is true that not in every case of malpractice will the patient's medical records provide the hospital with timely notice of the claim. Where the malpractice is not obvious from the records themselves, the medical records are not sufficient notice (see, Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818; Matter of Fallon v County of Westchester, 184 AD2d 510). However, in the case at hand, the malpractice is sufficiently established by the hospital's failure to perform a prompt caesarean section, given the known fetal distress, two-week postmaturity of the pregnancy, and the resulting hypoxic insult at birth requiring resuscitative care.

Cases involving infants injured by virtue of the birth itself provide "an extensive 'paper trail' and preserve all of the essential facts relating to th[e] claim," where the hospital obviously was aware of any adverse outcome and provided treatment for such conditions (Matter of Quiroz v City of New York, 154 AD2d 315, 316; see also, Matter of Tomlinson v New York City Health & Hosps. Corp., 190 AD2d 806, supra; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671, supra).

In the case at hand, HHC obviously possessed the infant claimant's medical records. The alleged malpractice took place at the time of the birth. Accordingly, the hospital had actual timely notice within its records and its defense of the action will not be prejudiced by the delay.

FAILURE TO PROVIDE A VALID EXCUSE FOR THE DELAY

The majority cites to *Ribeiro v Town of N. Hempstead* (200 AD2d 730) and *Matter of Plantin v New York City Hous. Auth.* (203 AD2d 579) in support of its determination that the failure to provide a valid excuse for the delay bars the granting of leave to serve late notice. HHC further relies upon *Matter of D'Anjou v New York City Health & Hosps. Corp.* (196 AD2d 818, *supra)* for the same contention. In all three cases, as distinguished from this case, the failure to proffer a valid and reasonable excuse was only one of at least three factors established as a basis to deny the application for leave to serve a late notice of claim. Absence of an acceptable excuse for the delay alone does not compel the denial of the application *(see, Matter of Sloan v County of Westchester,* 175 AD2d 838 [application granted despite absence of acceptable excuse, where lack of prejudice was demonstrated]; *see also, Rosenblatt v City of New York,* 160 AD2d 927). Where the other factors specified in General Municipal Law § 50-e are satisfied, the failure to provide an excuse for the delay may be forgiven *(see, Rechenberger v Nassau County Med. Ctr., supra,* 112 AD2d 150). In any event, in this case the delay was attributable to the claimant's infancy and thus there was not a failure to offer an excuse for the delay.

In sum, it is clear to me that the Supreme Court providently exercised its discretion in granting the application. Therefore, I must dissent.

SULLIVAN, J. P., and ROSENBLATT, J., concur with BALLETTA, J.; MILLER, J., dissents in a separate opinion.

Ordered that the order is reversed, insofar as appealed from, on the law, the petitioner's application is denied, and the proceeding is dismissed, on the merits.