■ In the Matter of JACQUELINE REED, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [636 NYS2d 353] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered June 8, 1993, which, upon the denial of the application, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In support of this proceeding to serve a late notice of claim, the petitioner alleged that Brandon Reed was born on October 7, 1991, and suffered brain damage. The petitioner also alleged that the respondents had acquired timely knowledge of the underlying facts and, therefore, would not be prejudiced, and that counsel was not consulted until November 20, 1992.

The proposed notice of claim alleged, in substance, that the negligence and malpractice of John Doe, M.D. and the Westchester County Medical Center occurred from April 1991 through October 7, 1991, in the "care and treatment of Claimant JACQUELINE REED and the prenatal care and delivery of the child she was carrying on or about October 7, 1991, the infant Claimant, BRANDON REED". There was no excuse offered for the delay in seeking redress, nor did the petitioner offer any basis for the assertion that the respondents would not be prejudiced by the failure to timely serve a notice of claim.

We agree with Supreme Court and, therefore, affirm the dismissal of the proceeding.

The papers submitted in support of the proceeding are patently insufficient. The papers fail to set forth any excuse for the lengthy delay in seeking leave to serve a late notice of claim. Further, the proposed notice of claim is vague since it fails to allege the manner in which the respondents were negligent and/or committed malpractice. Additionally, the proposed notice of claim fails to state whether the injuries al-

leged are believed to have occurred due to medical malpractice or ordinary negligence (*see, Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7; *D'Anjou v New York City Health & Hosps. Corp.*, 196 AD2d 818).

The case of *Rechenberger v Nassau County Med. Ctr.* (112 AD2d 150), relied upon by the petitioner, does not require a different result. Unlike the factual situation presented in that case, it is not obvious from the papers what specific malpractice is being alleged. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.