■ In the Matter of ELIZABETH R., Respondent, v VILLAGE OF OSSINING, Appellant. [640 NYS2d 181]

The petitioner, who reached the age of majority on September 5, 1993, brought this proceeding 10 months later in July 1994, alleging that she had been sexually abused as a child between 1983 and 1988 by an employee of the defendant's community center. There is no evidence that the defendant had actual knowledge of these allegations until the plaintiff commenced this proceeding in July 1994. By that time, the accused employee had retired, his immediate supervisor was no longer employed by the defendant, and the other children who had come in contact with him had moved away and were no longer identifiable.

It is well-settled that, if an application for leave to serve a

late notice of claim is "timely made within the limitations period for commencement of the action, as tolled by infancy * * * the court, in determining whether to permit service of a late notice, must consider whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay" (*Matter of D'Anjou v New York City Health & Hosps. Corp.*, 196 AD2d 818, 820). The defendant did not acquire actual knowledge of the facts constituting the plaintiff's claim until years after the fact, when potential witnesses had moved away and were no longer identifiable. In light of the extensive delay and prejudice to the defendant, the Supreme Court improvidently exercised its discretion by granting the plaintiff's application for leave to serve a late notice of claim. Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.