■ TAIJI BROWER and Others, Infants, by Their Mother and Natural Guardian, ROSE BROWER, et al., Respondents-Appellants, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [654 NYS2d 173] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much

of an order of the Supreme Court, Kings County (Belen, J.), dated January 31, 1996, as denied its cross motion to dismiss the complaint on the ground that the plaintiffs' notice of claim was untimely, and the plaintiffs cross-appeal from so much of the same order as denied their motion to dismiss the sixth, seventh, and eighth affirmative defenses contained in the defendant's answer.

Ordered that the order is reversed insofar as appealed from by the defendant, on the law, the defendant's cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by the plaintiffs; and it is further,

Ordered that the defendant is awarded one bill of costs.

Although the lack of a nexus between the delay in filing a notice of claim and the infancy of the injured party will not automatically preclude the granting of leave to serve a late notice of claim (see, Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671, 672), "the absence of a showing that the delay is the product of the infancy itself is a factor which militates against granting such relief" (Matter of Gandia v New York City Hous. Auth., 173 AD2d 824; see also, Matter of Matarrese v New York City Health & Hosps. Corp., 215 AD2d 7, 10). In the instant case, the lack of a nexus between the infancy and the delay as well as a number of other relevant factors (see, General Municipal Law § 50-e [5]), militate against granting leave to serve a late notice of claim. The record shows that the plaintiffs failed to provide a reasonable excuse for the approximately four-year delay in filing a notice of claim, the defendant did not receive actual notice of the essential facts that formed the basis of the claim within 90 days or a reasonable period thereafter, and the defendant was prejudiced by the delay. Thus, the court erred in denying the defendant's cross motion to dismiss the complaint for failure to file a timely notice of claim (see, Matter of Diaz v City of New York, 211 AD2d 789, cert denied 518 US —, 116 S Ct 2547; Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818; Matter of Gandia v New York City Hous. Auth., supra). O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.