■ PATRICIO DIAZ, Appellant, v CITY OF NEW YORK, Respondent. [680 NYS2d 642] —In an action to recover damages for

personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 7, 1997, which denied his motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Pursuant to General Municipal Law § 50-e (5), the court, in determining whether to permit service of a late notice of claim, must consider whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay (*see, Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818). Here, the plaintiff failed to proffer a reasonable excuse for the 17-year delay in serving the notice of claim, and he did not demonstrate that the defendant City of New York acquired actual knowledge of the facts constituting his claim within 90 days or a reasonable time thereafter. Furthermore, the City demonstrated that it was substantially prejudiced by the extensive delay. Accordingly, the court properly denied the plaintiff's motion for leave to serve a late notice of claim.

The plaintiff's remaining contention is without merit. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.