■ In the Matter of DARELLE SIMPSON, an Infant, by His Parent and Natural Guardian, MICHELE SIMPSON, Respondent,

v NEW YORK CITY HOUSING AUTHORITY, Appellant. [616 NYS2d 203] —In a proceeding pursuant to General Municipal Law § 50-e (5) for permission to serve a late notice of claim, the New York City Housing Authority appeals from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated August 10, 1992, as granted the claimant's application.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the application for permission to serve a late notice of claim is denied.

According to the plaintiffs' proposed notice of claim, the infant claimant Darelle Simpson was injured as the result of his ingestion of paint chips at premises operated by the appellant New York City Housing Authority. It is admitted that the claimant Michele Simpson was advised of the elevated lead level in the infant claimant's blood on February 19, 1991, and that claimant Michele Simpson "came to [the] office [of plaintiffs' attorney] in late June of 1991".

The claimants' attorneys made a motion for leave to serve a late notice of claim on or about September 18, 1991. This motion was "inadvertently" served on the wrong party, to wit, the Corporation Counsel for the City of New York, and was thus granted without opposition.

In February 1992 after having received an order with notice of settlement, the appellant made a motion to "vacate its default". The claimants then made a second motion for leave to serve a late notice of claim in March 1992. In support of this motion, claimants' attorneys acknowledged that vacatur of the order made on default was proper. However, the claimants' attorneys argued that, on the merits, leave to serve a late notice of claim should be granted.

The Supreme Court vacated the appellant's "default", but granted the claimants' application on the merits. We reverse this order insofar as it is appealed from and deny the claimants' application.

We agree with the appellant that the Supreme Court improvidently exercised its discretion under the circumstances of this case. The claimants' attorneys failed to provide an adequate explanation either as to why their original application made in September 1991 was incorrectly served, or as to why the application was not made sooner. Also, there is no evidence that the appellant had actual knowledge of the infant claimant's alleged injuries or of the existence of chipping paint in areas to which the infant claimant had access, prior to the claimants' second motion, which was made in March

1992. This was some 13 months after the infant claimant's condition had been diagnosed. Under all of these circumstances, we conclude that the claimants' application for leave to serve a late notice of claim should have been denied *(see, e.g., Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601). Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.