■ In the Matter of JACQUELINE SCALA et al., Respondents, v WESTCHESTER COUNTY MEDICAL CENTER et al., Appellants. [650 NYS2d 296] —In a proceeding, *inter alia,* for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the Westchester County Medical Center and County of Westchester appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 22, 1995, as granted the petition to the extent of granting leave to serve a late notice of claim on behalf of the infant petitioner.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the petition is denied.

On May 28, 1985, the petitioner Jacqueline Scala (hereinafter the mother), who was then pregnant with the infant petitioner Ronnie Scala a/k/a Ronnie Owen (hereinafter the infant), was admitted to Nyack Hospital for complications due to that pregnancy. After her problem was diagnosed as preeclampsia, she was transferred to the appellant Westchester County Medical Center (hereinafter WCMC) where she was admitted that same day at 2:15 P.M. The infant was born by a Caesarian section at about 4:34 P.M. that afternoon.

In 1990, the infant was tested and found to have a full scale "IQ" of 58. In 1994, when the infant was already receiving special education support for his speech, language, and educational problems, he was retested. While his "IQ" had improved to 73, the tester also reported that the infant's speech impairment was secondary to "his primary condition of mental deficiency".

Sometime prior to February 27, 1995, the mother contacted her attorney on an unrelated matter. At that time, she also asked him to examine the circumstances surrounding the infant's birth. Shortly after obtaining the medical records, this proceeding was commenced. On August 22, 1995, the Supreme Court granted the petition to the extent of granting leave to serve a late notice of claim.

The petitioners' papers fail to adequately explain the delay in seeking the relief requested. It is clear that any delay involved was not related to the infancy itself, but rather was related solely to the petitioners' delay in discovering a possible causal connection between WCMC's actions and the infant's injuries. We note that there is no claim that the mother was unaware of the infant's condition, or that she was in any way prevented and/or discouraged from investigating the cause thereof. We also note that the appellants are clearly prejudiced by the poor condition of the medical records, which appear to

be available only as almost illegible microfiche copies. Under these factual circumstances the Supreme Court improvidently exercised its discretion by granting leave to serve a late notice of claim *(see generally, Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7; *Matter of Kornell v Clarkstown Cent. School Dist.,* 202 AD2d 426). Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.