■ KENDU PERRY et al., Respondents, v CITY OF NEW YORK, Appellant. [656 NYS2d 301] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 5, 1996, as granted the plaintiffs' motion to strike the defendant's second affirmative defense asserting that the action was not commenced in compliance with General Municipal Law § 50-i.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the defendant's affirmative defense asserting that the action was not commenced in compliance with General Municipal Law § 50-i is reinstated, the second cause of action asserted by the plaintiff Gloria Perry individually is dismissed, and the matter is remitted to the Supreme Court, Kings County, for a determination as to whether the infant plaintiff should be granted leave to serve a late notice of claim.

The time within which to commence an action based on exposure to a toxic substance begins to run "when the injured party discovers the primary condition on which the claim is based" (*Wetherill v Eli Lilly & Co.*, 89 NY2d 506, 509). Here, that discovery occurred, at the latest, on September 6, 1994, when the plaintiff Gloria Perry was informed that the infant plaintiff was suffering from an elevated level of lead in his blood (*see, Annunziato v City of New York*, 224 AD2d 31; *Sweeney v General Print.*, 210 AD2d 865). The plaintiffs filed their notice of claim on or about December 22, 1994. Because they did not file the notice of claim within 90 days of the date the claim arose (*see,* General Municipal Law § 50-e [1] [a]), the court erred in striking the defendant's affirmative defense asserting that the action was not commenced in compliance with General Municipal Law § 50-i.

In their reply papers on their motion, the plaintiffs sought permission to file a late notice of claim, if necessary. With respect to the cause of action asserted by Ms. Perry individually,

that application was untimely because it was made after the time to commence an action had expired (*see,* General Municipal Law §§ 50-e [5]; 50-i). Once that period has expired a court lacks the power to authorize a late filing or to order that the late filed notice be deemed timely nunc pro tunc (*see, Pierson v City of New York,* 56 NY2d 950; *Guillan v Triborough Bridge & Tunnel Auth.,* 202 AD2d 472). As the timely filing of a notice of claim is a condition precedent to the commencement of a tort action against the defendant (*see,* General Municipal Law § 50-e [1] [a]; *Thomas v Town of Oyster Bay,* 190 AD2d 731), the failure to satisfy that condition requires dismissal of the second cause of action.

As to the infant plaintiff, however, the Statute of Limitations and the time within which he could seek leave to file a late notice of claim were tolled by infancy (*see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). The defendant did not have an opportunity to respond to the application which was made in the plaintiffs' reply papers and the court did not address the issue because it had concluded that the notice of claim was timely. Therefore, we remit the matter for a determination of the infant plaintiff's application. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.