■ In the Matter of Herbert Turner et al., Respondents, v New York City Housing Authority, Appellant. [663 NYS2d 254] —In a hybrid action to recover damages for personal injuries,

etc., and a proceeding for leave to serve and file a late notice of claim, the defendant appeals (1) from an order of the Supreme Court, Kings County (Barasch, J.), dated October 17, 1996, which denied its petition, *inter alia,* pursuant to 22 NYCRR 202.48 to deem abandoned those branches of the plaintiffs' petition which were for leave to serve a late notice of claim on behalf of the plaintiffs Herbert Turner, Corey Turner, and Eloise Turner, and (2) from so much of an order of the same court, dated November 7, 1996, as granted those branches of the plaintiffs' motion which were for leave to serve a late notice of claim on behalf of Herbert, Corey, and Eloise Turner.

Ordered that the order dated November 7, 1996, is reversed insofar as appealed from, those branches of the plaintiffs' motion which were for leave to serve a late notice of claim on behalf of Herbert Turner, Corey Turner, and Eloise Turner are denied, and the action is dismissed insofar as asserted by the plaintiffs Herbert Turner, Corey Turner, and Eloise Turner; and it is further,

Ordered that the appeal from order dated October 17, 1996, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

We have observed that "[t]he time within which to commence an action based on exposure to a toxic substance begins to run 'when the injured party discovers the primary condition on which the claim is based' " (*Perry v City of New York,* 238 AD2d 326, quoting *Wetherill v Eli Lilly & Co.,* 89 NY2d 506, 509; *see,* CPLR 214-c [3]). Here, that discovery occurred, at the latest, in January 1993 as to the infant plaintiff Herbert Turner, and in May 1993 as to the infant plaintiff Corey Turner, the respective dates when it was ascertained that they were suffering from elevated lead levels in their blood (*Perry v City of New York, supra).* Since those plaintiffs did not seek leave to serve a late notice of claim until after the time within which to commence the action had expired (*see,* General Municipal Law § 50-e [5]; § 50-i), the court lacked the power to authorize service of a late notice of claim with respect to the causes of action asserted individually by Eloise Turner (*Pierson v City of New York,* 56 NY2d 950, 954-955; *Perry v City of New York, supra).*

We similarly conclude that the court improvidently exercised its discretion in granting the infant plaintiffs' application for leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). The record reveals that the plaintiffs failed to carry their burden of establishing a reasonable excuse for the delay, and similarly failed to show that there was any nexus between the delay and their infancy (*see, Matter of Scala v*

*Westchester County Med. Ctr.,* 233 AD2d 514; *Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7). Moreover, the appellant did not obtain actual notice of the essential facts of the claim within the limitations period (*Matter of Sica v Board of Educ.,* 226 AD2d 542) and would be prejudiced if leave to serve a late notice of claim were now granted (*cf., Brower v New York City Hous. Auth.,* 237 AD2d 241; *Matter of Simpson v New York City Hous. Auth.,* 207 AD2d 354, 355). Under these circumstances, the infant plaintiffs' application should have been denied.

In light of our holding, the appeal from the order dated October 17, 1996, is dismissed as academic. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.