■ In the Matter of NATALIA WINSTON, Respondent, v CITY OF NEW YORK et al., Appellants. [670 NYS2d 363] —In a proceeding, *inter alia*, pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim, the appeal is from an order of the Supreme Court, Queens County (Dye, J.), dated November 19, 1996, which granted the petitioner's application.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in granting the infant petitioner's application for leave to file a late notice of claim (*see,* General Municipal Law § 50-e [5]). The petitioner failed to carry her burden of establishing a reasonable excuse for the delay, and similarly failed to show that there was any nexus between the delay and her infancy (*see, Matter of Turner v New York Hous. Auth.,* 243 AD2d 636; *Matter of Scala v Westchester County Med. Ctr.,* 233 AD2d 514; *Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7),. Further, ignorance of the statutory requirements for serving a timely notice of claim is not a valid excuse (*Alper v City of New York,* 228 AD2d 390; *Matter of Ragin v City of New York,* 222 AD2d 678; *Matter of Dancy v Poughkeepsie Hous. Auth.,* 220 AD2d 413, 414). Lastly, the appellants would be prejudiced if leave to serve a late notice were granted now (*see, Matter of Turner v New York Hous. Auth., supra; Matter of Djeddah v County of Westchester,* 239 AD2d 499; *Pollicino v New York Tr. Auth.,* 225 AD2d 750, 751; *Brown v New York City Tr. Auth.,* 172 AD2d 178, 180).

The petitioner's remaining contentions are without merit. Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.