■ In the Matter of JACQUELINE BAGNASCO, Respondent, v SUFFOLK COUNTY WATER AUTHORITY, Appellant. [709 NYS2d 827] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the Suffolk County Water Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 1, 1999, as, upon granting its motion for reargument of a prior order of the same court dated August 26, 1998, which granted the respondent's unopposed application for leave to serve a late notice of claim, in effect adhered to the original determination.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, upon reargument, the order dated August 26, 1998, is vacated, the application is denied, the petition is denied, and the proceeding is dismissed.

Contrary to the appellant's contention, the petitioner's application was not time-barred under General Municipal Law § 50-i, the applicable Statute of Limitations (*see, Matter of*

*Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Perry v City of New York,* 238 AD2d 326; General Municipal Law § 50-e [5]; CPLR 208).

The Supreme Court, however, improvidently exercised its discretion in granting the application for leave to serve a late notice of claim. Pursuant to General Municipal Law § 50-e (5), the Supreme Court, in determining whether to permit service of a late notice, must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) the petitioner was an infant or mentally or physically incapacitated, (3) the petitioner had a reasonable excuse for the delay in filing a notice of claim, and (4) the public corporation was prejudiced by the delay (*see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, *supra; Matter of Duarte v Suffolk County,* 230 AD2d 851; *Matter of Morehead v Westchester County,* 222 AD2d 507).

The petitioner failed to establish a reasonable excuse for the delay of over three years from the time of the accident until she moved for leave to serve a late notice of claim, and similarly failed to show that there was any nexus between the delay and her infancy (*see, Matter of Cuffee v City of New York,* 255 AD2d 440; *Matter of Salter v Housing Auth.,* 251 AD2d 585; *Matter of Winston v City of New York,* 249 AD2d 404; *Matter of Altavilla v Patchogue Medford School Dist.,* 221 AD2d 434). Moreover, the appellant did not acquire actual knowledge of the essential facts of the claim within 90 days or a reasonable time thereafter, and would be prejudiced if leave to serve a late notice were granted at this late date (*see, Matter of Turner v New York City Hous. Auth.,* 243 AD2d 636; *Matter of Scala v Westchester County Med. Ctr.,* 233 AD2d 514; *Matter of Bordan v Mamaroneck School Dist.,* 230 AD2d 792). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.