■ DANIEL CORDERO et al., Respondents, v COUNTY OF NASSAU et al., Defendants, and BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Appellants. [768 NYS2d 369]—

Appeal by the Board of Cooperative Educational Services of Nassau County and Seaford Union Free School District, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated September 23, 2002, as, upon reargument, adhered to a determination in a prior order of the same court dated May 13, 2002, granting those branches of the motion of Daniel Cordero, an infant, by his mother and natural guardian Rosa Maria Cordero, and Rosa Maria Cordero individually, which were for leave to serve a late notice of claim on them.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, upon rear-

gument, so much of the order dated May 13, 2002, as granted those branches of the motion which were for leave to serve a late notice of claim on the appellants is vacated, and those branches of the motion are denied.

The infant respondent Daniel Cordero allegedly sustained injuries as a result of the negligence of employees at a daycare center operated by the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES) in a building owned by the Seaford Union Free School District (hereinafter the District). The alleged negligence occurred on two separate occasions. The first incident allegedly took place "[s]ometime between January 15, 1999, and January 31, 1999," and the second incident allegedly took place on April 23, 1999. Almost three years later, the respondents moved for leave to serve a late notice of claim upon, among others, BOCES and the District. By order dated May 13, 2002, the Supreme Court granted the motion. Thereafter, BOCES and the District separately moved for leave to reargue. Upon granting the motions for leave to reargue, the Supreme Court adhered to its original determination. We reverse.

Initially, we note that the District previously appealed from the order dated May 13, 2002. That appeal was dismissed by this Court for failure to prosecute. Although the District ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]), under the circumstances, we exercise our discretion to entertain the District's instant appeal (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]).

The Supreme Court improvidently exercised its discretion in, upon reargument, adhering to the prior determination granting those branches of the motion which were for leave to serve a late notice of claim on the appellants. In determining whether to permit service of a late notice of claim under General Municipal Law § 50-e, a court should consider all relevant facts and circumstances, including whether an infant is involved, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay (*see* General Municipal Law § 50-e [5]; *Matter of Brown v County of Westchester*, 293 AD2d 748 [2002]; *Matter of Gaffney v Town of Hempstead*, 226 AD2d 721, 722 [1996]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 9 [1995]).

Contrary to the Supreme Court's finding, the respondents failed to establish a reasonable excuse for the delay of almost three years (*see Matter of Cotten v County of Nassau,* 307 AD2d 965 [2003], *lv denied* 1 NY3d 502 [2003]; *Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818, 820 [1993]).

Further, neither BOCES nor the District acquired actual knowledge of the essential facts constituting the claims, and both would be prejudiced if leave to serve a late notice of claim was granted at this late date (*see Matter of Bagnasco v Suffolk County Water Auth.,* 272 AD2d 611, 612 [2000]).

Accordingly, upon reargument, those branches of the motion which were for leave to serve a late notice of claim on the appellants should have been denied.

In light of our determination, we need not reach the appellants' remaining contention. Smith, J.P., Krausman, McGinity and Rivera, JJ., concur.