■ In the Matter of FIRST CENTRAL INSURANCE COMPANY, Respondent. ZESHA AUERBACH et al., Appellants. [791 NYS2d 123]—

In a proceeding pursuant to Insurance Law article 74 to liquidate the assets of an insolvent insurer, the claimants appeal, as limited by their brief, from so much of an order of the

Supreme Court, Nassau County (Burke, J.), dated September 2, 2003, as, upon reargument, adhered to its prior determination in an order dated May 19, 2003, denying their motion to disaffirm a referee's report disallowing their claim and granting the cross motion of the Superintendent of Insurance of the State of New York, as liquidator of First Central Insurance Company, to confirm the referee's report.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated May 19, 2003, is vacated, the motion is granted, the cross motion is denied, the referee's report is disaffirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appellants are the owners of a Bronx apartment building that, at all relevant times, was insured by First Central Insurance Company (hereinafter First Central). Two children who resided within the building allegedly suffered lead poisoning as a result of ingestion of lead paint chips. It is uncontroverted that the appellants timely notified First Central of this lead-poisoning claim, and by letter dated February 6, 1997, First Central acknowledged receipt of the claim and agreed to provide a defense subject to reservation of certain rights not relevant to this appeal (*see Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250 [2002]).

Pursuant to Insurance Law article 74, the Superintendent of Insurance (hereinafter the Superintendent) is responsible "to provide for an economical liquidation of insolvent insurance companies through the agency of a State department, and to prevent the waste of assets which theretofore had been occasioned through receiverships" (*Matter of Knickerbocker Life Ins. Co.*, 199 App Div 503, 504 [1922]). Under the circumstances presented herein, and in light of First Central's express acceptance of the appellants' claim, the Superintendent failed to demonstrate a sufficient basis to disclaim coverage.

The Superintendent's remaining contentions are without merit (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Cordero v County of Nassau*, 2 AD3d 567 [2003]). Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.